■ GARY HILAIRE, Appellant, v STANLEY MANAGEMENT COMPANY et al., Respondents. [644 NYS2d 518] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Garry, J.), dated November 21, 1994, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the defendants' motion is denied, and the complaint is reinstated.

The plaintiff allegedly sustained injuries when he fell through the plywood floor of a loft storage area and onto the floor of a room below. The plaintiff submitted evidence indicating that the plywood floor had deteriorated due to water damage resulting from a leak in the roof.

The defendants, the owners of the premises, moved for summary judgment dismissing the complaint on the ground that under the terms of the lease, they had no control over the premises and had no duty to make repairs. The Supreme Court granted the motion.

As the plaintiff contends, however, the defendants reserved the right to enter the premises for the purposes of making repairs. An out-of-possession landlord who reserves such a right may be held liable for damages resulting from a defective condition in violation of a statutory duty (see, Guzman v Haven Plaza Hous. Dev. Fund Co., 69 NY2d 559; Gantz v Kurz, 203 AD2d 240). The plaintiff submitted sufficient evidence to raise an issue of fact as to whether the alleged dangerous condition was a structural defect in violation of the Administrative Code of the City of New York §§ 27-128 (safe maintenance), 27-735 (artificial lighting), and 27-557 (floor loads), among others. The defendants' motion, therefore, should have been denied (see, Guzman v Haven Plaza Hous. Dev. Fund Co., supra; Gantz v Kurz, supra; Wiesen v Moppa, 199 AD2d 312). Sullivan, J. P., Santucci, Joy and Hart, JJ., concur.