■ IGOR EIFER, Respondent, v YOSEF SHMUELOVITCH et al., Appellants. [692 NYS2d 452] —In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Barron, J.), dated April 30, 1998, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff's complaint and bill of particulars gave notice that the plaintiff was proceeding on several theories of liability, including the defendants' alleged failure to install an operational smoke-detecting device in the plaintiff's dwelling unit and to provide a means of egress in good working order. In determining the defendants' motion for summary judgment dismissing the complaint, the Supreme Court properly entertained the issue of whether the defendants had violated the applicable provisions of the Administrative Code of the City of New York (see, Matter of Belich, 234 AD2d 544; Dampskibsselskabet Torm A/S v Thomas Paper Co., 26 AD2d 347, 352; see also, Olean Urban Renewal Agency v Herman, 101 AD2d 712; Costello Assocs. v Standard Metals Corp., 99 AD2d 227, 229; Rogoff v San Juan Racing Assn., 77 AD2d 831, 832, affd 54 NY2d 883). Contrary to the defendants' contention, the purpose of the affidavit of the plaintiff's attorney submitted in opposition to their motion was not to allege facts but to provide the applicable law. Since material questions of fact exist regarding the defendants' alleged failure to comply with certain provisions of the Administrative Code and whether such failure was a proximate cause of the plaintiff's injuries (see, Ragona v Hamilton Hall Realty, 251 AD2d 391; Tepoz v Sosa, 241 AD2d 449), the motion for summary judgment was properly denied (see, Zuckerman v City of New York, 49 NY2d 557). S. Miller, J. P., Sullivan, Friedmann and Feuerstein, JJ., concur.