■ RUTH HERNANDEZ, Appellant, v SEVEN FRIED FOOD et al., Respondents. [738 NYS2d 378] —In an action to recover damages for personal injuries, the plaintiff appeals from (1) an order of the Supreme Court, Kings County (Pincus, J.), dated September 13, 2000, which granted the motion of the defendant Stuart Zausner for summary judgment dismissing the complaint and all cross claims insofar as asserted against him, and (2) a judgment of the same court, entered November 2, 2000, dismissing the complaint and all cross claims insofar as asserted against the defendant Stuart Zausner.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the appeal from that portion of the judgment which dismissed all cross claims insofar as asserted against the defendant Stuart Zausner is dismissed, as the plaintiff is not aggrieved by that portion of the judgment (see, CPLR 5511); and it is further,

Ordered that the judgment is affirmed insofar as reviewed; and it is further,

Ordered that the defendant Stuart Zausner is awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see, Matter of Aho, 39

NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see*, CPLR 5501 [a] [1]).

An out-of-possession landlord cannot be held liable for injuries that occur on its premises unless, inter alia, the landlord has retained control over the premises (*see, Pastor v R.A.K. Tennis Corp.,* 278 AD2d 395; *Borelli v 1051 Realty Corp.,* 242 AD2d 517, 518; *Dalzell v McDonald's Corp.,* 220 AD2d 638, 639). "Reservation of the right to enter the premises for the purpose of inspection and repair may constitute sufficient retention of control to permit a finding that the landlord had constructive notice of a defective condition provided a specific statutory violation exists and there is a significant structural or design defect" that proximately caused the plaintiff's injuries (*Stark v Port Auth. of N.Y. & N.J.,* 224 AD2d 681, 682; *see also, Briggs v Country Wide Realty Equities,* 276 AD2d 456; *Sylfa v Stupnick,* 239 AD2d 570).

Here, the defendant Stuart Zausner made a prima facie showing of his entitlement to summary judgment by demonstrating that he was an out-of-possession landlord and had no notice of the presence of the greasy substance upon which the plaintiff allegedly slipped. In opposition, the plaintiff failed to submit sufficient evidence establishing the existence of an issue of fact as to whether there was a statutory violation or a structural defect on the premises, or that any such alleged defect proximately caused her to fall. The plaintiff's attempt to avoid the consequences of her earlier testimonial admission by raising a feigned factual issue was insufficient to create a triable issue of fact (*see, Califano v Campaniello,* 243 AD2d 528, 529; *Prunty v Keltie's Bum Steer,* 163 AD2d 595; *Columbus Trust Co. v Campolo,* 110 AD2d 616, *affd* 66 NY2d 701). Since the plaintiff's accident was proximately caused by the alleged greasy substance on the ramp, and not by any code violations or structural defects on the premises, Zausner cannot be held liable for the accident (*see, Beecher v Northern Men's Sauna,* 272 AD2d 281; *Secchi v Waldbaum, Inc.,* 270 AD2d 329). Feuerstein, J.P., Krausman, Schmidt and Cozier, JJ., concur.