■ RAYMOND SPENCER, Respondent, v SCHWARZMAN, LLC, Respondent, and DAI HING WONG CORP. et al., Appellants, et al., Defendant. (And a Third-Party Action.) [766 NYS2d 74] —In an action to recover damages for personal injuries, the defendants Dai Hing Wong Corp. and Wing Hing Trading Corp., sued herein as Wing Hing Shing Trading Corp., appeal (1), as limited by their brief, from so much of an order of the Supreme Court, Kings County (M. Garson, J.), dated June 12, 2002, as denied that branch of their motion which was for summary judgment dismissing the complaint and all cross claims insofar as asserted against them, and (2) from an order of the same court dated November 20, 2002, which denied their motion for reargument, and granted the plaintiff's motion pursuant to CPLR 3126 to the extent of directing them to comply with the plaintiff's demand for discovery dated November 14, 2001.

Ordered that the appeal from so much of the order dated November 20, 2002, as denied the appellants' motion for leave to reargue is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order dated November 20, 2002, is affirmed insofar as reviewed; and it is further,

Ordered the order dated June 12, 2002, is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The Supreme Court properly denied that branch of the appellants' motion which was for summary judgment dismissing the complaint and all cross claims insofar as asserted against them, as the appellants failed to tender "sufficient evidence to demonstrate the absence of any material issues of fact" (Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]).

However, we note that we agree with the appellants that the Supreme Court erred in determining, as a matter of law, that the 1996 lease agreement between the defendant Schwarzman, LLC (hereinafter Schwarzman), and the defendant Dai Hing Wong Corp. displaced Schwarzman's duty to maintain the premises in good condition. An out-of-possession landlord may be held liable for a third-party's injury on the premises based on the theory of constructive notice where the landlord reserves a right under the terms of the lease to enter the premises for the purpose of inspection, maintenance, and repair, there is a specific statutory violation, and a significant design or structural defect that proximately caused the injury (*see Guzman v Haven Plaza Hous. Dev. Fund Co.,* 69 NY2d 559, 566 [1987]; *Lopez v 1372 Shakespeare Ave. Hous. Dev. Fund Corp.,* 299 AD2d 230 [2002]; *Hernandez v Seven Fried Food,* 292 AD2d 343 [2002]; *cf. Jackson v United States Tennis Assn.,* 294 AD2d 470 [2002]). Here, the lease contained such a reservation of rights, and there are triable issues of fact as to whether any alleged structural defect was a proximate cause of the plaintiff's injuries.

The appellants' remaining contentions are without merit. Santucci, J.P., Krausman, Townes and Cozier, JJ., concur.