[820 NE2d 859, 787 NYS2d 215]

ALLEN HYMAN et al., Appellants, v QUEENS COUNTY BANCORP, INC., Doing Business as QUEENS COUNTY SAVINGS BANK, Respondent.

Decided November 18, 2004

### APPEARANCES OF COUNSEL

*David P. Kownacki, P.C.*, New York City (*David P. Kownacki* and *Brad H. Rosken* of counsel), for appellants.

*Perez, Furey & Varvaro*, Uniondale (*James F. Furey* of counsel), for respondent.

### OPINION OF THE COURT

MEMORANDUM.

The order of the Appellate Division should be affirmed, with costs.

In this personal injury action, plaintiffs, responding to defendant's motion for summary judgment, alleged that defendant's premises violated city and state building code requirements regarding stairway handrails, relying on those alleged violations as evidence of a dangerous or defective condition on the premises. Plaintiffs claimed that the absence of a handrail on both sides of the stairway—the purported violation—was a proximate cause of plaintiff Alan Hyman's fall down six or seven stairs.

A party opposing a motion for summary judgment must produce admissible evidence sufficient to require a trial on material questions of fact upon which the claim rests. Although plaintiffs argued that the absence of a second handrail violated city and state laws, not all buildings were subject to the cited codes and plaintiffs offered no evidence of what would have brought the subject building within the purview of those laws. Plaintiffs have thus failed to raise a triable issue of fact regarding the

defective or dangerous condition of the premises, particularly in light of the certificate of occupancy issued to defendant in 1978 (*see, by contrast, Lesocovich v 180 Madison Ave. Corp.,* 81 NY2d 982 [1993]). We also agree with the Appellate Division that plaintiffs failed to raise a triable issue with regard to causation, offering only speculation that in the circumstances presented the existing handrail was beyond reach.

Chief Judge KAYE and Judges G.B. SMITH, CIPARICK, ROSENBLATT, GRAFFEO, READ and R.S. SMITH concur.

Order affirmed, with costs, in a memorandum.