■ RONALD ROVETO et al., Appellants, v VHT ENTERPRISES, INC., et al., Defendants, and STEADY AIM FIRE, INC., Respondent. [791 NYS2d 843]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Phelan, J.), dated December 2, 2003, as granted that branch of the motion of the defendant Steady Aim Fire, Inc., which was for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, that branch of the motion of the defendant Steady Aim Fire, Inc., which was for summary judgment dismissing the complaint insofar as asserted against it is denied, and the complaint insofar as asserted against that defendant is reinstated.

An out-of-possession landlord is not liable for injuries occur-

ring on the premises unless it has retained control of the premises or is contractually obligated to perform maintenance and repairs (*see Knipfing v V&J, Inc.,* 8 AD3d 628 [2004]; *Ingargiola v Waheguru Mgt.,* 5 AD3d 732, 733 [2004]; *Hepburn v Getty Petroleum Corp.,* 258 AD2d 504, 505 [1999]). Reservation of a right of entry for inspection and repair may constitute sufficient control to impose liability upon a landlord for injuries resulting from a dangerous condition in violation of a statutory duty (*see Guzman v Haven Plaza Hous. Dev. Fund Co.,* 69 NY2d 559, 566-567 [1987]; *Spencer v Schwarzman, LLC,* 309 AD2d 852, 853 [2003]; *Dorestant v Snow, Inc.,* 274 AD2d 542, 544 [2000]; *Hilaire v Stanley Mgt. Co.,* 229 AD2d 423 [1996]). Here, the lease contained such a reservation of rights, and the evidence which the plaintiffs submitted in opposition to that branch of the motion which was for summary judgment was sufficient to raise a triable issue of fact as to whether the alleged dangerous condition constituted a violation of 9 NYCRR 1031.1 (*see Guzman v Haven Plaza Hous. Dev. Fund Co., supra; Spencer v Schwarzman, LLC, supra; Dorestant v Snow, Inc., supra; Hilaire v Stanley Mgt. Co., supra*). Accordingly, that branch of the defendant landlord's motion which was for summary judgment dismissing the complaint insofar as asserted against it should have been denied. Schmidt, J.P., Krausman, Crane and Fisher, JJ., concur.