■ MUSSARAT KHAN, Respondent, v BANGLA MOTOR AND BODY SHOP, INC., et al., Defendants, and A.G.A. DATA SERVICE CO., INC., et al., Appellants. [813 NYS2d 126]—

In an action, inter alia, to recover damages for personal injuries, etc., the defendants A.G.A. Data Service Co., Inc., and Anthony J. Furnari appeal from so much of an order of the Supreme Court, Queens County (Kitzes, J.), dated October 26, 2004, as denied that branch of their motion which was for summary judgment dismissing the complaint insofar as asserted against the defendant A.G.A. Data Service Co., Inc.

Ordered that the appeal by the defendant Anthony J. Furnari is dismissed, as he is not aggrieved by the portion of the order appealed from (*see* CPLR 5511); and it is further,

Ordered that the order is reversed insofar as appealed from by the defendant A.G.A. Data Service Co., Inc., on the law, that branch of the motion which was for summary judgment dismissing the complaint insofar as asserted against the defendant A.G.A. Data Service Co., Inc., is granted, the complaint is

dismissed insofar as asserted against that defendant, and the action against the remaining defendants is severed; and it is further,

Ordered that one bill of costs is awarded to the defendant A.G.A. Data Service Co., Inc.

On March 1, 2000 at approximately 4:15 A.M., a fire and explosion occurred at a building owned by the defendant A.G.A. Data Service Co., Inc. (hereinafter AGA). The president of AGA was the defendant Anthony J. Furnari. AGA leased a portion of the building to the defendant Bangla Motor and Body Shop Inc. (hereinafter Bangla). Under the lease, Bangla was obligated, inter alia, to maintain and repair the public areas of the leased premises, including the structural portions, and to obtain all necessary permits to run its automobile repair business. Additionally, AGA reserved the right under the lease to enter and inspect the premises and make repairs. The fire, which was inside Bangla's premises, was caused when a mechanic, Mohammed Hasan, dropped and broke a "droplight" into a puddle of gasoline pouring out of a taxi that he was repairing. The gasoline ignited, causing a fire that killed Hasan, another mechanic, Isidro Torres Feliciano, and a taxi driver, Mustaqu Ismail Khan (hereinafter the decedent), and injured several other persons including two taxi drivers, Mohammed N. Islam and Mahmud Ali. Islam and Ali survived by fleeing from the front overhead doors of Bangla; there was no rear exit.

The instant action was commenced by the plaintiff Mussarat Khan, as administratrix of the estate of her husband, the decedent, against Bangla, its owners, and Furnari and AGA. A second action against Bangla and the defendants was brought by the two surviving taxi drivers, Islam and Ali, and their respective wives (see Islam v A.G.A. Data Serv. Co., 27 AD3d 525 [2006] [decided herewith]). In both actions, the Supreme Court, inter alia, granted motions for leave to enter default judgments against Bangla. Additionally, in both actions, the Supreme Court denied those branches of the motions which were for summary judgment dismissing the respective complaints insofar as asserted against AGA.

AGA established its prima facie entitlement to summary judgment by demonstrating that it was an out-of-possession owner which relinquished its control over the leased premises and was not obligated under the lease to maintain or repair the premises (see Sangiorgio v Ace Towing & Recovery, 13 AD3d 433, 434 [2004]; Jackson v United States Tennis Assn., 294 AD2d 470, 471 [2002]). Further, AGA had no notice of a dangerous condition at the premises (see Hernandez v Seven Fried Food, 292

AD2d 343, 344 [2002]). Although AGA reserved the right to enter the leased premises to make repairs, the plaintiff failed to identify "a significant structural or design defect which violated a specific statutory safety provision" (*Sangiorgio v Ace Towing & Recovery, supra* at 434; *see Belotserkovskaya v Cafe "Natalie"*, 300 AD2d 521, 522 [2002]), and which proximately caused the accident and injuries (*see Spencer v Schwarzman*, 309 AD2d 852, 853 [2003]; *Hernandez v Seven Fried Food, supra* at 344; *Davis v New York City Hous. Auth.*, 272 AD2d 365, 365-366 [2000]). The plaintiff submitted an affidavit of an expert to support her claims that the leased premises had a defective ventilation system and no alternative safe means of egress. The expert, however, did not inspect the premises and provided no competent evidence regarding the actual ventilation system at Bangla's premises (*see Canales v Hustler Mfg. Co.*, 12 AD3d 392, 393 [2004]; *Banks v Freeport Union Free School Dist.*, 302 AD2d 341, 342 [2003]; *Leggio v Gearhart*, 294 AD2d 543, 544-545 [2002]). Additionally, there was no accurate evidence establishing the location of the decedent before, during, or after the fire. The only evidence was derived from Islam. He indicated that he was able to exit from the front door, and that the decedent was closer to the front door than Islam was when the fire started. Ali was also able to exit from the front door and did not know whether there was a rear door. Ultimately, the possibility that an alternative rear exit would have saved the decedent or prevented the other injuries is pure speculation (*see generally Hyman v Queens County Bancorp*, 307 AD2d 984, 987 [2003], *affd* 3 NY3d 743 [2004]). Further, although "the determination of the issue of causation is generally for the trier of fact, upon a motion for summary judgment the court must determine if a prima facie case of negligence is established in the first instance" (*Fowler v Sammut*, 259 AD2d 516, 517 [1999]). Here, the plaintiff failed to provide evidence beyond mere speculation that the absence of a rear door or improper ventilation proximately caused the accident and injuries (*see Hyman v Queens County Bancorp, supra* at 987; *Davis v New York City Hous. Auth., supra* at 365-366).

In addition, the plaintiff failed to invoke a specific statutory duty that required AGA to provide an additional safe means of egress in the rear of the leased premises (*see Kilimnik v Mirage Rest.*, 223 AD2d 530, 531 [1996]; *Thompson v New York City Hous. Auth.*, 212 AD2d 775, 776-777 [1995]; *McIntosh v Moscrip*, 138 AD2d 781, 784 [1988]; *cf. Eifer v Shmuelovitch*, 262 AD2d 523 [1999]). The plaintiff also mistakenly referred to violations of regulations under the Occupational Safety and Health Act (hereinafter OSHA) (*see* 29 CFR 1910.36). While a violation of

OSHA regulations provides evidence of negligence (*see Cruz v Long Is. R.R. Co.*, 22 AD3d 451 [2005], *lv denied* 6 NY3d 703 [2006]), OSHA governs employee/employer relationships (*see Riley v ISS Intl. Serv. Sys.*, 5 AD3d 754, 756 [2004]; *Jemmott v Rockwell Mfg. Co., Power Tools Div.*, 216 AD2d 444, 445 [1995]; *Pellescki v City of Rochester*, 198 AD2d 762, 763 [1993]). Since AGA was not an employer of the decedent, nor is it argued that it was, the OSHA regulations do not provide a specific statutory duty, a violation of which would result in AGA's liability (*but see Kollmer v Slater Elec.*, 122 AD2d 117, 120 [1986]). Accordingly, the Supreme Court's order must be reversed insofar as appealed from by AGA.

We note that the Supreme Court granted that branch of the motion which was for summary judgment dismissing the complaint insofar as asserted against Furnari. Thus, the appeal by Furnari must be dismissed as he is not aggrieved by the portion of the order appealed from (*see* CPLR 5511). Schmidt, J.P., Rivera, Skelos and Lifson, JJ., concur.