OPINION OF THE COU T
Memorandum.
Order reversed without costs and defendant’s motion for summary judgment dismissing the complaint granted.
In this breach of contract action seeking the recovery of $14,000 in connection with plaintiffs purchase of a swimming pool from defendant, plaintiff claimed that she had selected a certain pool in defendant’s store, but that the sales contract was prepared for a different size pool, and the wrong pool was delivered to her home.
Defendant moved for summary judgment. As the proponent of such a motion, it was incumbent upon defendant to make a prima facie showing of entitlement ,o judgment as a matter of law by tendering evidentiary proof in admissible form (see Zuckerman v City of Net York, 49 NY2d 557 [1980]; see also Lesocovich v 180 Madison Ave. Corp., 81 NY2d 982, 985 [1993] [failure to make such a showing requires denial of the motion, regardless of the sufficiency of opposing papers]). Here, defendant submitted evidence which showed that plaintiff signed a sales agreement and two site surveys, all showing that the dimensions of the pool were 12 feet by 24 feet, and not the size claimed by plaintiff. Other evidence included a separate pool installation contract between plaintiff and a different company, which contract also set forth the same 12 feet by 24 feet dimensions, and a delivery receipt, which also showed said dimensions. Thus, defendant sustained its burden.
In opposition, plaintiff offered only her affidavit, which contained unsubstantiated claims. While plaintiff was not required to prove her claim at this stage of litigation (see Ferrante v American Lung Assn., 90 NY2d 623, 630 [1997]), where “issue-finding, rather than issue-determination, is the key” to defeating a summary judgment motion (Sillman v Twentieth Century-Fox Film Corp., 3 NY2d 395, 404 [1957]; Paulin v Needham, 28 AD3d 531 [2006]), the opponent of a motion cannot offer only speculation (Hyman v Queens County Bancorp, Inc., 3 NY3d 743 [2004]). In the present matter, plaintiff surmised that *53 had an outline of the pool been painted on her property, any mistakes would have been corrected prior to installation. As the foregoing constituted mere speculation by plaintiff, which, at most, alleged a failure by some third party other than defendant, which did not install the pool, plaintiff failed to raise an issue of fact warranting denial of defendant’s motion for summary judgment.
It should be noted that the court below incorrectly found that plaintiff raised a triable issue of mutual mistake. There is no indication of any mistake on defendant’s part. At the most, plaintiff may have raised questions of only her unilateral mistake, which does not offer a basis for recovery under the instant circumstances.
Rudolph, P.J., McCabe and Lippman, JJ., concur.