◼ MARLON RAMOS, Respondent, v ROBERT P. BAKER et al., Appellants. [937 NYS2d 328]—

In November 2005, the defendant Robert P. Baker, Jr., allegedly arranged with Rene Rivera, the owner of nonparty Woodland Tree Care, Inc. (hereinafter Woodland), to have two men come to his property and split wood. On November 20, 2005, the plaintiff went to the defendants' property with a coworker and, while using a log splitter owned by either Woodland or Rivera, was injured when his coworker started the machine while the plaintiff's hand was still inside. The defendants were not present while the work was being done. Rivera had left the log splitter on the defendants' property a week earlier, with Baker's permission.

The plaintiff filed for Workers' Compensation benefits under Woodland's policy and testified at a hearing that he was working for Woodland on the day of the accident. In December 2006, a Workers' Compensation Law Judge found that the plaintiff was an employee of Woodland and had no employment relationship with Baker, and it awarded the plaintiff Workers' Compensation benefits under Woodland's policy. In December 2007, a panel of the Workers' Compensation Board affirmed the award. In September 2008, the plaintiff commenced this action against the defendants alleging common-law negligence.

After discovery was completed, the plaintiff moved for leave to amend the complaint pursuant to CPLR 3025 (b) to assert causes of action alleging violations of Labor Law §§ 200, 241 (6), and regulations under the United States Occupational Safety and Health Act (hereinafter OSHA), and alleging negligent entrustment and negligent failure to warn. The defendants cross-moved for summary judgment dismissing the complaint or, in the event that the court were to grant the plaintiff's motion for leave to amend the complaint, for summary judgment dismissing the amended complaint. The Supreme Court granted the plaintiff's motion for leave to amend the complaint except insofar as the plaintiff sought to add a cause of action alleging a violation of Labor Law § 241 (6). In a separate order, the Supreme Court denied the defendants' cross motion for summary judgment.

Applications for leave to amend pleadings should be freely granted except when the delay in seeking leave to amend would directly cause undue prejudice or surprise to the opposing party, or when the proposed amendment is palpably insufficient or patently devoid of merit (see CPLR 3025 [b]; *Lucido v Mancuso*, 49 AD3d 220, 222 [2008]). Here, the Supreme Court did not improvidently exercise its discretion in granting those branches of the plaintiff's motion which were for leave to amend the complaint to add causes of action alleging violations of Labor Law § 200 and OSHA regulations, and alleging negligent entrustment and negligent failure to warn. The defendants were not unduly prejudiced or surprised by the timing of the motion, and the causes of action that the Supreme Court permitted the plaintiff to add were neither palpably insufficient nor patently devoid of merit (see *Lucido v Mancuso*, 49 AD3d at 232). Nonetheless, the defendants, on their cross motion, were entitled to summary judgment dismissing the amended complaint.

As to the causes of action alleging negligent entrustment and negligent failure to warn, the defendants established their prima facie entitlement to judgment as a matter of law by tendering evidence that they lacked actual or constructive notice of the allegedly dangerous condition presented by alleged defects in the log-splitter that the plaintiff was using when he was injured (see *Coffey v Flower City Carting & Excavating Co.*, 2 AD2d 191, 192 [1956], *affd* 2 NY2d 898 [1957]; *cf. Mulhall v Hannafin*, 45 AD3d 55, 58 [2007]). In opposition, the plaintiff failed to raise a triable issue of fact (see *Guzzi v City of New York*, 84 AD3d 871, 873 [2011]; *Byrne v Collins*, 77 AD3d 782, 784 [2010]; *cf. Jablonski v Jakaitis*, 85 AD3d 969, 971 [2011]).

The defendants were also entitled to summary judgment dismissing the cause of action alleging a violation of Labor Law § 200. As to this claim, the plaintiff is estopped from asserting that he was employed by Baker, rather than by Woodland or Rivera, because that position would be inconsistent with the finding made at the Workers' Compensation proceedings (see *Kilcer v Niagara Mohawk Power Corp.*, 86 AD3d 682, 683-684 [2011]; *Dupkanicova v James*, 17 AD3d 627, 628 [2005]; *Santiago v Dedvukaj*, 167 AD2d 529 [1990]; *Calhoun v Big Apple Wrecking Corp.*, 162 AD2d 574, 575 [1990]). To succeed on a claim under Labor Law § 200 against a property owner, a plaintiff injured by his or her use of defective equipment provided by his or her own employer must establish that the defendant had the authority to supervise or control the performance of the work (see *Ortega v Puccia*, 57 AD3d 54, 62 [2008]; *cf. Chowdhury v Rodriguez*, 57 AD3d 121, 129-130 [2008]). Here, it

is undisputed that the log splitter that allegedly caused the plaintiff's injury was owned by Woodland or Rivera. In addition, inasmuch as the defendants established prima facie that they did not bear "the responsibility for the manner in which the work [was] performed" (*Ortega v Puccia*, 57 AD3d at 62), they established prima facie that they did not have the supervision or control authority necessary for the imposition of liability under Labor Law § 200 (*id.*). The plaintiff failed to raise a triable issue of fact in opposition (*see Pacheco v Halstead Communications, Ltd.*, 90 AD3d 877 [2011]).

Inasmuch as the defendants were not the plaintiff's employer, they were entitled to summary judgment dismissing the cause of action based on alleged violations of OSHA regulations (*see Khan v Bangla Motor & Body Shop, Inc.*, 27 AD3d 526, 529 [2006]; *Riley v ISS Intl. Serv. Sys.*, 5 AD3d 754, 756 [2004]).

Accordingly, the Supreme Court should have granted that branch of the defendants' cross motion which was for summary judgment dismissing the amended complaint. Balkin, J.P., Leventhal, Belen and Roman, JJ., concur.