■ PETER DEMAIO et al., Respondents, v DOOR AUTOMATION CORP. et al., Appellants. (And a Third-Party Action.) [987 NYS2d 872]—

In an action to recover damages for personal injuries, etc., the defendant Door Automation Corp. appeals, and the defendant Big Six Towers, Inc., separately appeals, as limited by their respective briefs, from so much of an order of the Supreme Court, Queens County (Lane, J.), dated April 5, 2013, as denied those branches of their respective motions which were for summary judgment dismissing the complaint insofar as asserted against each of them.

Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs, and those branches of the respective motions of the defendant Door Automation Corp. and the defendant Big Six Towers, Inc., which were for summary judgment dismissing the complaint insofar as asserted against each of them are granted.

The plaintiffs commenced this action after the plaintiff Peter Demaio (hereinafter the injured plaintiff) allegedly was injured when an automatic entry door at a supermarket fell off its top hinge, striking him. The defendants made respective motions, inter alia, for summary judgment dismissing the complaint insofar as asserted against each of them. The defendant Big Six Towers, Inc., the owner of the subject premises, established its prima facie entitlement to judgment as a matter of law by submitting evidence sufficient to demonstrate that it did not cause the automatic entry door to become dangerous or defective and did not have actual or constructive notice of any such condition (*see Gordon v American Museum of Natural History*, 67 NY2d 836, 837 [1986]). The defendant Door Automation Corp. likewise established its prima facie entitlement to judgment as a matter of law by demonstrating that the door was

working properly when that defendant completed its repair of the door approximately three months prior to the subject accident. The plaintiffs failed to raise a triable issue of fact in opposition (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). The plaintiffs' assertion that the automatic door was caused to fall on the injured plaintiff due to the condition of the surrounding cement floor was based upon mere speculation (*see Khan v Bangla Motor & Body Shop, Inc.*, 27 AD3d 526, 528 [2006]; *Hyman v Queens County Bancorp*, 307 AD2d 984, 987 [2003], *affd* 3 NY3d 743 [2004]).

Accordingly, the Supreme Court should have granted those branches of the defendants' respective motions which were for summary judgment dismissing the complaint insofar as asserted against each of them.

The parties' remaining contentions are without merit or need not be reached in light of our determination. Skelos, J.P., Balkin, Hall and Maltese, JJ., concur.