■ Brian Gallagher et al., Respondents-Appellants, v 109-02 Development, LLC, et al., Appellants-Respondents, et al., Defendant. [28 NYS3d 387]—

In an action to recover damages for personal injuries, etc., (a) the defendant 109-02 Development, LLC, appeals, as limited by its brief, from so much of an order of the Supreme Court,

Queens County (Lane, J.), dated September 18, 2014, as denied that branch of its motion which was for summary judgment dismissing, insofar as asserted against it, the cause of action pursuant to General Municipal Law § 205-a predicated on a violation of a provision of the Administrative Code of the City of New York, (b) the defendant Peninsula Springs and Wheel Alignment, Inc., separately appeals, as limited by its brief, from so much of the same order as denied that branch of its cross motion which was for summary judgment dismissing, insofar as asserted against it, the cause of action pursuant to General Municipal Law § 205-a predicated on a violation of a provision of the Administrative Code of the City of New York, and (c) the plaintiffs cross-appeal, as limited by their brief, from so much of the same order as granted those branches of the motion of the defendant 109-02 Development, LLC, and the cross motion of the defendant Peninsula Springs and Wheel Alignment, Inc., which were for summary judgment dismissing the cause of action pursuant to General Municipal Law § 205-a predicated on a violation of a regulation of the Occupational Safety and Health Administration insofar as asserted against each of them.

Ordered that the order is modified, on the law, by deleting the provisions thereof denying that branch of the motion of the defendant 109-02 Development, LLC, and that branch of the cross motion of the defendant Peninsula Springs and Wheel Alignment, Inc., which were for summary judgment dismissing, insofar as asserted against each of them, the cause of action pursuant to General Municipal Law § 205-a predicated on a violation of the Administrative Code of the City of New York, and substituting therefor provisions granting those branches of the motion and the cross motion; as so modified, the order is affirmed, with one bill of costs payable to the defendants 109-02 Development, LLC, and Peninsula Springs and Wheel Alignment, Inc.

On May 12, 2011, the plaintiff firefighter, Brian Gallagher (hereinafter the plaintiff), responded to a fire at an auto repair shop owned by the defendant Peninsula Springs and Wheel Alignment, Inc. (hereinafter Peninsula), which was located on property owned by the defendant 109-02 Development, LLC (hereinafter 109-02; hereinafter together the defendants). At his deposition, the plaintiff testified that the inside of the building had zero visibility due to smoke. He eventually slipped and fell into a mechanic's pit, sustaining injuries. Paul Shields, the owner of Peninsula as well as a member of 109-02, testified at his deposition that the pit in question is about 15 by 20 feet,

and about 3½ feet deep. The pit is used to perform wheel alignments.

The plaintiff, and his wife suing derivatively, commenced this action to recover damages for personal injuries, etc. In an order dated November 22, 2013, the Supreme Court granted the separate motions of 109-02 and Peninsula for summary judgment dismissing the complaint insofar as asserted against each of them, and also granted the plaintiffs' cross motion for leave to amend the pleadings to add causes of action pursuant to General Municipal Law § 205-a predicated on violations of a regulation of the Occupational Safety and Health Administration (hereinafter OSHA) and a provision of the Administrative Code of the City of New York.

Thereafter, 109-02 moved, and Peninsula cross-moved, for summary judgment dismissing those new causes of action insofar as asserted against each of them. In an order dated September 18, 2014, the Supreme Court granted those branches of the motion and cross motion which were for summary judgment dismissing the cause of action predicated on a violation of the OSHA regulation, and denied those branches of the motion and cross motion which were for summary judgment dismissing the cause of action predicated on a violation of a provision of the Administrative Code of the City of New York. 109-02 and Peninsula appeal, and the plaintiffs cross-appeal.

The Supreme Court properly granted those branches of the motion and cross motion which were for summary judgment dismissing the cause of action predicated on a violation of the OSHA regulation. General Municipal Law § 205-a (1) provides that a firefighter has a cause of action when he or she sustains an injury in the line of duty "as a result of any neglect, omission, willful or culpable negligence of any person or persons in failing to comply with the requirements of any of the statutes, ordinances, rules, orders and requirements of the federal, state, county, village, town or city governments." The plaintiff contends that he sustained an injury in the line of duty as a result of the defendants' violation of OSHA regulation 29 CFR 1910.23 (a) (1). However, a cause of action predicated on the alleged violation of OSHA regulations can only be maintained against a plaintiff's employer (*see Ramos v Baker*, 91 AD3d 930, 933 [2012]). This Court has noted that OSHA governs employee/employer relationships, and thus OSHA regulations do not impose a specific statutory duty on parties other than a plaintiff's employer (*see Khan v Bangla Motor & Body Shop, Inc.*, 27 AD3d 526, 528-529 [2006]). There is no dispute in this case that neither 109-02, nor Peninsula, was the plaintiff's employer.

However, the Supreme Court erred in denying those branches of the motion and cross motion which were for summary judgment dismissing the cause of action predicated on a violation of a provision of the Administrative Code of the City of New York. The plaintiffs cited only to a provision of the Administrative Code of the City of New York which was repealed in 1968 (*see* Local Law No. 76 [1968] of City of NY), many years before the accident in question occurred. Leventhal, J.P., Dickerson, Duffy and LaSalle, JJ., concur.