■ 71st Street Lexington Corp., Respondent, v Albert Waitman, M.D., et al., Appellants, et al., Defendant. [33 NYS3d 729]—

Order, Supreme Court, New York County (Manuel J. Mendez, J.), entered on or about August 25, 2015, which granted plaintiff 71st Street Lexington Corp.'s motion for partial summary judgment on the issue of liability, unanimously affirmed, without costs.

Plaintiff alleges damage to its residential building proximately caused by a flood on the terrace of defendants' penthouse apartment. Plaintiff made a prima facie showing of its entitlement to partial summary judgment, as it is undisputed that defendants were responsible for maintaining their terrace's irrigation system and keeping their terrace's drains free of debris. On May 21, 2010, the irrigation system malfunctioned, causing an overflow of water, and the flood ensued because defendants' terrace drain was clogged with pine needles. Although the burden shifted to defendants to raise a triable issue of fact, they submitted no evidence to support their claim that plaintiff's negligence was a substantial factor in causing the flood or the resulting damage to the building (*Hyman v Queens County Bancorp, Inc.*, 3 NY3d 743, 744 [2004]).

Defendants' expert affidavit opining that the damage was the result of plaintiff not properly maintaining the terrace and drains is not probative of their state on the incident date, because his inspection of the area was not conducted until approximately 3¹/₂ years after the flood (*see Machado v Clinton Hous. Dev. Co., Inc.*, 20 AD3d 307, 307 [1st Dept 2005]). The defense expert's assertion that the 2008 and 2014 New York City Plumbing Codes were violated lacks a foundational basis, because he failed to establish why those codes are applicable to the building (*see Hyman*, 3 NY3d at 744-745). Moreover, the defense expert's claim that plaintiff failed to ensure the integrity of the drains below the surface of the terrace is speculative, as there is no evidence the drain pipe itself was clogged when the flood occurred (*see Diaz v New York Downtown Hosp.*, 99 NY2d 542, 544 [2002]). Concur—Mazzarelli, J.P., Renwick, Moskowitz, Gische and Gesmer, JJ. ■