Campanelli v Long Is. Light. Co. (2018 NY Slip Op 06225)





Campanelli v Long Is. Light. Co.


2018 NY Slip Op 06225


Decided on September 26, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 26, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
MARK C. DILLON
JOSEPH J. MALTESE
HECTOR D. LASALLE, JJ.


2016-01809
2016-12565
 (Index No. 604657/14)

[*1]Michael Campanelli, appellant, 
v
Long Island Lighting Company, et al., respondents, et al., defendants.


Sachin Gadh, New York, NY, for appellant.
Schiff Hardin LLP, New York, NY (Thomas M. Crispi and Katia Asche of counsel), for respondents Long Island Lighting Company, Long Island Power Authority, PSEG Long Island, LLC, Keyspan Gas East Corporation, doing business as Keyspan Energy Delivery Long Island, Brooklyn Union Gas Company, doing business as Keyspan Energy Delivery New York, Keyspan Corporation, also known as Keyspan Energy Services, Inc., National Grid USA Service Company, Inc., and National Grid PLC.
Littleton Joyce Ughetta Park & Kelly LLP, New York, NY (Dennis J. Dozis, Robert J. Kelly, and Christinia M. Emergy of counsel), for respondents CWM Chemical Services, LLC, and Waste Management National Services, Inc.
In an action to recover damages for personal injuries, the plaintiff appeals from (1) an order of the Supreme Court, Nassau County (Thomas Feinman, J.), entered February 2, 2016, and (2) a judgment of the same court, entered April 11, 2016. The order granted the motion of the defendants Long Island Lighting Company, Long Island Power Authority, PSEG Long Island, LLC, Keyspan Gas East Corporation, doing business as Keyspan Energy Delivery Long Island, Brooklyn Union Gas Company, doing business as Keyspan Energy Delivery New York, Keyspan Corporation, also known as Keyspan Energy Services, Inc., National Grid USA Service Company, Inc., and National Grid PLC, and the separate motion of the defendants Waste Management National Services, Inc., and CWM Chemical Services, LLC, pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against each of them. The judgment, upon the order entered February 2, 2016, dismissed the complaint insofar as asserted against those defendants.



DECISION & ORDER
Separate motions by the respondents to dismiss the appeal from the order on the ground that the right of direct appeal therefrom terminated with the entry of the judgment. By decision and order on motion of this Court dated December 13, 2016, those branches of the motions were held in abeyance and referred to the panel of Justices hearing the appeals for determination upon the argument or submission thereof.
Upon the papers filed in support of the motions, the papers filed in opposition thereto, and upon the argument of the appeals, it is
ORDERED that those branches of the motions which are to dismiss the appeal from the order are granted; and it is further,
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the judgment is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the respondents appearing separately and filing separate briefs.
The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of a judgment in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501[a][1]; Matter of Aho, 39 NY2d at 248).
The plaintiff, the child of a former employee of the defendant Long Island Lighting Company, commenced this action to recover damages for injuries he allegedly sustained due to exposure to lead and other hazardous substances in utero and in the first seven months of his life. The plaintiff alleged that the defendants failed to provide his father with proper protection at his worksite so as to prevent him from leaving work each day in clothes saturated with hazardous materials, which he alleged caused his injuries.
The respondents Long Island Lighting Company, Long Island Power Authority, PSEG Long Island, LLC, Keyspan Gas East Corporation, doing business as Keyspan Energy Delivery Long Island, Brooklyn Union Gas Company, doing business as Keyspan Energy Delivery New York, Keyspan Corporation, also known as Keyspan Energy Services, Inc., National Grid USA Service Company, Inc., and National Grid PLC moved, and the respondents Waste Management National Services, Inc., and CWM Chemical Services, LLC, separately moved, pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against each of them on the ground that they did not owe the plaintiff a duty of care. The Supreme Court granted the motions and dismissed the complaint insofar as asserted against the respondents. The plaintiff appeals.
At common law, employers have a duty to provide a safe workplace, but this duty has been limited to employees (see Labor Law § 200; Matter of New York City Asbestos Litig., 5 NY3d 486, 494; Ruffing v Hoechst Celanese, 1 AD3d 339, 341; Widera v Ettco Wire & Cable Corp., 204 AD2d 306, 307). It has not, as the plaintiff contends, been extended to encompass individuals who were not employed at the worksite such as the plaintiff or his mother during her pregnancy (see Matter of New York City Asbestos Litig., 5 NY3d at 494-495; Ruffing v Hoechst Celanese., 1 AD3d at 341; Widera v Ettco Wire & Cable Corp., 204 AD2d at 307).
While "[a] landowner generally must exercise reasonable care, with regard to any activities which he carries on, for the protection of those outside of his premises'" (Matter of New York City Asbestos Litig., 5 NY3d at 496, quoting Prosser and Keeton, Torts § 57, at 387 [5th ed.]), the facts alleged in this case differ from those to which a landowner's duty to exercise reasonable care for the protection of individuals off site has been held to extend (see Matter of New York City Asbestos Litig., 5 NY3d at 496; cf. Baker v Vanderbilt Co., 260 AD2d 750).
Contrary to the plaintiff's contention, the alleged violations of Occupational Safety and Health Administration (hereinafter OSHA) regulations (29 CFR 1910 et seq.), the Occupational Health and Safety Act of 1970 (29 USC § 651 et seq.), specifically 29 USC § 654(a), and Labor Law § 27-a do not constitute negligence per se. The violation of OSHA regulations provides only evidence of negligence (see Elliott v City of New York, 95 NY2d 730, 734; Khan v Bangla Motor & Body Shop, Inc., 27 AD3d 526, 528-529). Moreover, neither the plaintiff nor his mother during her pregnancy belonged to the class intended to be protected by OSHA or its implementing regulations, 29 USC § 654(a), or Labor Law § 27-a, namely employees (see 29 USC 654[a]; 29 CFR 1910.5[a], [d]; 1910.1025[a]; Labor Law § 27-a[1][b], [2]; Gallagher v 109-02 Dev., LLC, 137 AD3d 1073, 1075; Khan v Bangla Motor & Body Shop, Inc., 27 AD3d at 529; see also Trimarco v [*2]Klein, 56 NY2d 98, 108).
Accordingly, we agree with the Supreme Court's determination granting the respondents' separate motions pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against each of them.
MASTRO, J.P., DILLON, MALTESE and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court