Reyes v 83 Post Ave. Assoc., L.L.C. (2019 NY Slip Op 00566)





Reyes v 83 Post Ave. Assoc., L.L.C.


2019 NY Slip Op 00566


Decided on January 29, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 29, 2019

Renwick, J.P., Richter, Mazzarelli, Webber, Kern, JJ.


8237 22827/14

[*1]Yocelyn Reyes, Plaintiff-Appellant,
v
83 Post Avenue Associates, L.L.C., Defendant-Respondent.


Reardon & Sclafani, P.C., Tarrytown (Michael V. Sclafani of counsel), for appellant.
Dillon Horowitz & Goldstein LLP, New York (Thomas Dillon of counsel), for respondent.



Order, Supreme Court, Bronx County (Doris M. Gonzalez, J.), entered October 19, 2016, which granted defendant's motion for summary judgment dismissing the complaint in this slip and fall personal injury action, unanimously affirmed, without costs. Defendant established its entitlement to a judgment as a matter of law, where plaintiff was injured when she slipped and fell on a marble step while descending a staircase in defendant's building. Initially, a worn marble step, without more, is not an actionable defect (see Savio v Rose Flower Chinese Rest., Inc., 103 AD3d 575 [1st Dept 2013]; Sims v 3349 Hull Ave. Realty Co. LLC, 106 AD3d 466 [1st Dept 2013]; Cintron v New York City Tr. Auth., 77 AD3d 410, 410 [1st Dept 2010]). Thus, regardless of whether defendant had notice of the allegedly slippery nature of the surface, defendant has established its prima facie entitlement to summary judgment (see Sims at 467; DeMartini v Trump 767 5th Ave., LLC, 41 AD3d 181 [1st Dept 2007]).
In any event, even if the alleged slipperiness of the surface were an actionable defect, defendant established that it did not create the allegedly hazardous condition and did not have notice of it (see Richards v Kahn's Realty Corp., 114 AD3d 475 [1st Dept 2014]). In addition to plaintiff's own testimony that she did not make any complaints about the stairs in question prior to the date of the accident, defendant's witness testified that he was unaware of any complaints, repairs made to the staircase, prior accidents on the staircase, or any building code violations issued to the defendant.
In opposition, plaintiff failed to raise a triable issue of fact. Plaintiff's testimony about the lighting of the stairwell was not sufficient to create an issue of fact, since plaintiff simply testified that she slipped, not that she could not see the stairs (Richards at 475). Nor does plaintiff's expert affidavit raise a triable issue of fact, since the expert's opinion concerning the cause of plaintiff's slip was speculative (see Sarmiento v C & E Assoc., 40 AD3d 524, 526-527 [1st Dept 2007]), and did not contain sufficient evidence that the building in
question was subject to the cited provisions of the New York City Administrative Code (see Hyman v Queens County Bancorp, Inc., 3 NY3d 743, 744-745 [2004]; 71 Lexington Corp. v [*2]Waitman, 140 AD3d 670 [1st Dept 2016]).
We have considered plaintiff's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 29, 2019
DEPUTY CLERK