US Bank N.A. v Murillo (2019 NY Slip Op 02743)





US Bank N.A. v Murillo


2019 NY Slip Op 02743


Decided on April 10, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 10, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
REINALDO E. RIVERA
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON, JJ.


2015-11584
2015-11585
 (Index No. 12492/12)

[*1]US Bank National Association, etc., respondent,
v
Soledad Murillo, appellant, et al., defendants.


R. David Marquez, P.C., Mineola, NY (Leland L. Greene of counsel), for appellant.
Hogan Lovells US LLP, New York, NY (Cameron E. Grant, David Dunn, and Chava Brandriss of counsel), for respondent.



DECISION & ORDER
In an action to set aside a foreclosure sale and for declaratory relief, the defendant Soledad Murillo appeals from (1) an order of the Supreme Court, Nassau County (F. Dana Winslow, J.), entered August 3, 2015, and (2) an order of the same court entered September 8, 2015. The orders, insofar as appealed from, granted that branch of the plaintiff's motion which was for leave to amend the complaint to add a cause of action to foreclose a mortgage.
ORDERED that the appeal from the order entered August 3, 2015, is dismissed, as the portion of the order appealed from was superseded by the order entered September 8, 2015; and it is further,
ORDERED that the order entered September 8, 2015, is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
In 2005, the defendants Soledad Murillo and Luis Duque (hereinafter together the defendants) obtained a loan in the sum of $482,600 from BNC Mortgage, Inc., secured by a mortgage encumbering real property in Franklin Square. In 2008, the plaintiff commenced a foreclosure action against, among others, the defendants, alleging that the note and mortgage had been assigned to it, and that the defendants had defaulted in the payments of the mortgage in November 2007. A judgment of foreclosure and sale (hereinafter the judgment) was entered, and the subject property was sold to the plaintiff at a foreclosure sale in 2010. Following a motion by the defendants to vacate the judgment and for a traverse hearing, the judgment was vacated in an order entered December 22, 2011, and the parties entered into a stipulation cancelling the notice of pendency in April 2012.
In September 2012, the plaintiff commenced this action to set aside the foreclosure sale and for a judgment declaring that the referee's deed is null and void. Issue was joined by the defendants' answer, in which the defendants asserted several affirmative defenses, including lack [*2]of standing, and counterclaims, inter alia, to quiet title. Thereafter, in an order dated February 3, 2014, the Supreme Court granted the plaintiff's motion for summary judgment setting aside the foreclosure sale, relieving the plaintiff of its bid in the foreclosure sale, and declaring that the referee's deed is null and void. The court also granted those branches of the motion which were for summary judgment dismissing the defendants' first, second, and fifth counterclaims and their first affirmative defense. However, the court denied those branches of the motion which were for summary judgment dismissing the defendants' remaining affirmative defenses and counterclaims, determining that there were triable issues of fact regarding when the plaintiff received physical possession of the note.
By notice of motion dated May 6, 2015, the plaintiff moved, inter alia, for leave to amend the complaint to add a cause of action to foreclose the subject mortgage. Murillo opposed the plaintiff's motion. In the order entered September 8, 2015, the Supreme Court, inter alia, granted that branch of the plaintiff's motion which was for leave to amend the complaint, and directed the plaintiff to file its supplemental summons and amended complaint within three days after entry of the order. Murillo appeals.
"In the absence of prejudice or surprise resulting directly from the delay in seeking leave, applications to amend or supplement a pleading are to be freely granted unless the proposed amendment is palpably insufficient or patently devoid of merit'" (Myung Hwa Jang v Mang, 164 AD3d 803, 804, quoting Lucido v Mancuso, 49 AD3d 220, 222; see CPLR 3025[b]; Mannino v Wells Fargo Home Mtge., Inc., 155 AD3d 860, 862). Where this standard is met, no evidentiary showing of merit is required in a motion to amend the complaint under CPLR 3025(b) (see Lucido v Mancuso, 49 AD3d at 229; see also 1259 Lincoln Place Corp. v Bank of N.Y., 159 AD3d 1004, 1006). The determination to permit or deny amendment is committed to the sound discretion of the trial court (see CPLR 3025[b]; Edenwald Contr. Co. v New York, 60 NY2d 957, 959).
Here, contrary to Murillo's contentions, she failed to establish that she was directly prejudiced or surprised by the plaintiff's delay in seeking leave to amend the complaint to assert a cause of action to foreclose the mortgage (see Kimso Apts., LLC v Gandhi, 24 NY3d 403, 411). Indeed, the defendants' affirmative defenses in their answer to the complaint in this action made specific allegations that the plaintiff did not have the "authority to foreclose" the mortgage.
Further, under the circumstances of this case, we agree with the Supreme Court's determination to apply the relation-back doctrine to find that the statute of limitations did not bar the amendment of the complaint (see Pendleton v City of New York, 44 AD3d 733, 737; see also Bennett v State Farm Fire & Cas. Co., 161 AD3d 926, 927-928). Since the proposed amendment was not palpably insufficient or patently devoid of merit, we agree with the court's determination granting that branch of the plaintiff's motion which was for leave to amend the complaint (see Ramos v Baker, 91 AD3d 930, 932; see also Rosicki, Rosicki, & Assoc., P.C. v Cochems, 59 AD3d 512, 514).
Murillo's remaining contentions are either not properly before this Court since they were raised for the first time in her reply brief on appeal (see David B. v Millar, 2 AD3d 763, 763-764), or without merit.
MASTRO, J.P., RIVERA, DUFFY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court