Clarke v Acadia-Washington Sq. Tower 2, LLC (2019 NY Slip Op 06469)





Clarke v Acadia-Washington Sq. Tower 2, LLC


2019 NY Slip Op 06469


Decided on September 11, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 11, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
JOHN M. LEVENTHAL
SHERI S. ROMAN
HECTOR D. LASALLE, JJ.


2018-04749
 (Index No. 509907/15)

[*1]Omroy Clarke, et al., respondents, 
v
Acadia-Washington Square Tower 2, LLC, et al., appellants, et al., defendants.


Wilson, Elser, Moskowitz Edelman & Dicker, LLP, White Plains, NY (Robert W. Gordon of counsel), for appellants.
Burns & Harris, New York, NY (Blake G. Goldfarb and Jason Steinberg of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the defendants Acadia-Washington Square Tower 2, LLC, ACRS II, LLC, Alamo City Point, LLC, Albee Development, LLC, Albee Retail Development, LLC, Board of Managers for City Point Condominium, Capitol Fire Sprinkler Co. of L.I., LLC, and City of New York appeal from an order of the Supreme Court, Kings County (Debra Silber, J.), dated March 29, 2018. The order granted the plaintiffs' motion, inter alia, pursuant to CPLR 3025(b) for leave to amend the complaint to add a cause of action alleging a violation of Labor Law § 240.
ORDERED that the order is affirmed, with costs.
On March 2, 2015, the plaintiff Omroy Clarke (hereinafter the injured plaintiff), a sheet metal mechanic, allegedly was injured when he fell on a slippery wooden ramp while walking backwards and pulling a loaded pallet jack at a construction site located in Brooklyn. The injured plaintiff, and his wife suing derivatively, commenced this action against the appellants, among others, asserting causes of action alleging violations of Labor Law §§ 200 and 241(6), and common-law negligence.
By notice of motion dated February 6, 2018, the plaintiffs moved, inter alia, for leave to amend the complaint to add a cause of action alleging a violation of Labor Law § 240. The appellants opposed the motion. In an order dated March 29, 2018, the Supreme Court granted the motion. The appellants appeal, and we affirm.
"In the absence of prejudice or surprise resulting directly from the delay in seeking leave, applications to amend or supplement a pleading are to be freely granted unless the proposed amendment is palpably insufficient or patently devoid of merit'" (Myung Hwa Jang v Mang, 164 AD3d 803, 804, quoting Lucido v Mancuso, 49 AD3d 220, 222; see CPLR 3025[b]; US Bank N.A. v Murillo, 171 AD3d 984, 985). "Where this standard is met, no evidentiary showing of merit is required in a motion to amend the complaint under CPLR 3025(b)" (US Bank N.A. v Murillo, 171 [*2]AD3d at 985-986; see Lucido v Mancuso, 49 AD3d at 229). The determination to permit or deny amendment is committed to the sound discretion of the trial court (see CPLR 3025[b]; Edenwald Contr. Co. v City of New York, 60 NY2d 957, 959; US Bank N.A. v Murillo, 171 AD3d at 986).
Here, contrary to the appellants' contentions, they failed to establish that they were directly prejudiced or surprised by the plaintiffs' delay in seeking leave to amend the complaint to add a cause of action asserting a violation of Labor Law § 240 (see Kimso Apts., LLC v Gandhi, 24 NY3d 403, 411; US Bank N.A. v Murillo, 171 AD3d at 986). Indeed, the plaintiffs' notice of claim against the defendant City of New York included a claimed violation of Labor Law § 240. Since the proposed amendment was not palpably insufficient or patently devoid of merit, we agree with the Supreme Court's determination granting the plaintiffs' motion (see Ramos v Baker, 91 AD3d 930, 932).
AUSTIN, J.P., LEVENTHAL, ROMAN and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court