■ JOHN FARINARO, Appellant, v STATE OF NEW YORK, Respondent.—In a claim to recover damages for personal injuries, the claimant appeals from a judgment of the Court of Claims (Lengyel, J.), dated July 3, 1986, which, after a nonjury trial, dismissed the claim.

Ordered that the judgment is affirmed, without costs or disbursements.

The claimant was injured when he fell down a flight of stairs. His shoe allegedly became caught in a defective riser and fell off. As he turned to retrieve his lost shoe, the claimant slipped or lost his balance and fell. The claimant did not offer any proof as to how the accident occurred nor did he proffer any evidence of prior accidents which would have put the defendant on notice of a dangerous condition in the stairwell.

The State is under a duty to protect persons under its supervision; however, this responsibility is circumscribed by traditional concepts of duty *(see, Dunn v State of New York,* 29 NY2d 313). Even when negligence and injury are both properly found, the negligent party may only be held liable where the alleged negligence is found to be the proximate cause of the injury *(see, Williams v State of New York,* 308 NY 548). When the cause of the injury is not established by direct evidence, the burden falls to the claimant to show an inherently dangerous defect in construction or that the defendant failed to use due care to remedy a dangerous condition after receiving actual or constructive notice of that condition *(see, Miller v Gimbel Bros.,* 262 NY 107). The claimant failed to demonstrate that the defect which caused his shoe to fall off was the proximate cause of his injuries, and further failed to offer any proof of an unreasonably dangerous condition known to the defendant. Thus, the claimant has not sustained his burden of proof. Mangano, J. P., Eiber, Sullivan and Harwood, JJ., concur.