■ JOHN FORNI et al., Appellants, v COLIN FERGUSON, Defendant, and STURM, RUGER & Co., INC., et al., Respondents. [648 NYS2d 73] —Order, Supreme Court, New York County (Alice Schlesinger, J.), entered August 10, 1995, which granted the motions of defendants Sturm, Ruger & Co., Inc., Olin Corporation and Ram-Line, Inc., to dismiss the complaint for failure to state a cause of action, and denied plaintiffs' cross-motion to amend the complaint, unanimously affirmed, without costs.

While there have been and will be countless debates over the issue of whether the risks of firearms outweigh their benefits, it is for Legislature to decide whether manufacture, sale and possession of firearms is legal. To date, the manufacture, sale and ownership of the semi-automatic handgun, ammunition and magazine at issue in this case have been legally permitted. Plaintiffs herein have failed to satisfactorily allege the existence of a legally cognizable defect in the condition of the pistol, ammunition and magazine (*Robinson v Reed-Prentice Div.*, 49 NY2d 471). As a matter of law, a product's defect is related to its condition, not its intrinsic function (*supra*, at 479). As stated by the court in *DeRosa v Remington Arms Co.* (509 F Supp 762, 769): " 'Sadly it must be acknowledged that: [m]any products, however well-built or well-designed may cause injury or death. Guns may kill; knives may maim; liquor may cause alcoholism; but the mere fact of injury does not entitle the [person injured] to recover * * * there must be something wrong with the product, and if nothing is wrong there will be no liability.' "

The motion court also properly denied plaintiffs' motion to

add a cause of action based upon negligence. Plaintiffs did not, nor could they, show that defendants-manufacturers owed plaintiffs a duty of care, that the manufacturers breached their duty of care, and that the manufacturers' breach of their duty of care was the proximate cause of plaintiffs' injuries (*Purdy v Public Adm'r of County of Westchester*, 72 NY2d 1, 8; *see also*, *Pulka v Edelman*, 40 NY2d 781). New York does not impose a duty upon a manufacturer to refrain from the lawful distribution of a non-defective product (*see*, *Elsroth v Johnson & Johnson*, 700 F Supp 151, 156). The manufacturers in this case certainly had no control over the criminal conduct of a third party.

We have considered plaintiffs' other claims and find them to be without merit. Concur—Sullivan, J. P., Ellerin, Nardelli and Andrias, JJ.