■ KEN FOWLER, Plaintiff, v JOHN A. SAMMUT, Defendant and Third-Party Plaintiff-Respondent. TOWN OF HEMPSTEAD, Third-Party Defendant-Appellant. [686 NYS2d 109] —In an action to recover damages for personal injuries, the third-party defendant Town of Hempstead appeals from an order of the Supreme Court, Nassau County (DiNoto, J.), dated January 21, 1998, which denied its motion for summary judgment dismissing the third-party complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the third-party complaint is dismissed.

In December 1991 the plaintiff was unloading refuse from his van at the Hempstead town dump when the defendant third-party plaintiff John Sammut pulled his vehicle alongside the plaintiff's van. Shortly thereafter, as Sammut began to move his vehicle, it came into contact with the nearby guardrail. The guardrail became dislodged and struck the plaintiff in the leg, thereby causing injury. The plaintiff commenced an action against Sammut, who then brought a third-party action against the Town of Hempstead, the owner of the dump. The Supreme Court denied the Town's motion for summary judgment dismissing the third-party complaint, finding that material issues of fact existed. We reverse.

In order to prove a prima facie case of negligence, a plaintiff

must demonstrate that the defendant's conduct was a proximate cause of the injury sustained (*see, Derdiarian v Felix Contr. Corp.,* 51 NY2d 308; *Ellis v County of Albany,* 205 AD2d 1005). While the determination of the issue of causation is generally for the trier of fact, upon a motion for summary judgment the court must determine if a prima facie case of negligence is established in the first instance (*see, Pitkin v McMahon,* 243 AD2d 958; *Pahler v Daggett,* 170 AD2d 750; *see also, Ventricelli v Kinney Sys. Rent A Car,* 45 NY2d 950).

Here the Town established its entitlement to summary judgment as a matter of law by its showing that, regardless of whether there was any defective condition inherent in the guardrail, the sole proximate cause of the plaintiff's injuries was Sammut's operation of his vehicle. In opposition, Sammut failed to demonstrate the existence of any material issues of fact in this regard. Accordingly, the Town was entitled to summary judgment dismissing the third-party complaint (*see, Alvarez v Prospect Hosp.,* 68 NY2d 320; *Zuckerman v City of New York,* 49 NY2d 557; *Burt v Lenox Hill Hosp.,* 141 AD2d 378). Bracken, J. P., Santucci, Goldstein and McGinity, JJ., concur.