■ ROBERT CHINSKY, Respondent, v GRAHAM ARCHITECTURAL PRODUCTS, Defendant and Third-Party Plaintiff-Respondent, CITNALTA CONSTRUCTION CORP., Appellant, and JORDAN CONSTRUCTION CORP., Respondent. PLAINEDGE UNION FREE

SCHOOL DISTRICT, Third-Party Defendant-Respondent. (And a Second Third-Party Action.) [701 NYS2d 918] —In an action to recover damages for personal injuries, the defendant third-party defendant Citnalta Construction Corp. appeals from so much of an order of the Supreme Court, Nassau County (Schmidt, J.), entered October 30, 1998, as denied its motion for summary judgment dismissing the complaint and all claims insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs, the motion is granted, and the complaint and all claims are dismissed insofar as asserted against the appellant.

While numerous issues of fact exist regarding the cause of the plaintiff's injury, there is no evidence in the record connecting any of those possible causes to the appellant (*see, Fowler v Sammut,* 259 AD2d 516).

Additionally, on this record, there is no basis for holding the appellant, a general contractor, liable under a theory of strict products liability (*see, Milau Assocs. v North Ave. Dev. Corp.,* 42 NY2d 482, 488). Sullivan, J. P., Friedmann, Feuerstein and Smith, JJ., concur.