■ GREGORY R. CANONICO, Respondent, v BEECHMONT BUS SERVICE, INC., et al., Appellants. [790 NYS2d 36]—

In an action to recover damages for personal injuries, the defendants appeal from a judgment of the Supreme Court, Westchester County (Jamieson, J.), dated July 30, 2003, which, upon a jury verdict on the issue of damages, awarded the plaintiff the sums of $100,000 for past pain and suffering, $400,000 for future pain and suffering, and $60,000 for future medical expenses.

Ordered that the judgment is reversed, on the law, and the matter is remitted to the Supreme Court, Westchester County for a new trial on the issue of damages in accordance herewith, with costs to abide the event.

On July 9, 1999, the plaintiff allegedly sustained injuries to his neck, back, and right knee when the vehicle he was driving was hit from behind by a school bus owned by the defendant Beechmont Bus Service, Inc., and operated by the defendant William Gomez. The plaintiff commenced this action and successfully moved for partial summary judgment on the issue of liability. A jury trial on the issue of damages ensued.

At the trial, the plaintiff testified that he drove himself to the hospital after the accident. While he complained of pain to his neck, lumbosacral spine area, and left hand, he presented no outwardly visible signs of injury. Approximately six weeks after the accident, the plaintiff first complained to a physician about pain in his right knee, and a subsequent MRI revealed the presence of water on the knee, a bruised kneecap, and a tear in the patella tendon. His testimony as to whether his right knee had come into contact with the dashboard during the accident was

equivocal. Also, the plaintiff testified that he was involved in a second accident in May 2002, which resulted both in new injuries to his thoracic spine area and aggravation of his preexisting neck and lumbosacral back injuries.

In this negligence case, it is axiomatic that the plaintiff bore the burden of proving, by a preponderance of the evidence, that the defendants' negligence was a proximate cause of his injuries (*see e.g. Burgos v Aqueduct Realty Corp.*, 92 NY2d 544, 550 [1998]). Even when negligence and injury are both properly found, the negligent party may be held liable only where the alleged negligence is found to be a proximate cause of the injury (*see Farinaro v State of New York*, 132 AD2d 642, 643 [1987]; *see also McDonald v We're Assoc. Co.*, 290 AD2d 422 [2002]; *Senno v Picture Cars E.*, 275 AD2d 315 [2000]).

Contrary to the plaintiff's contention, the relevant facts pertaining to causation were not entirely undisputed, and more than one possible inference could have been drawn from the evidence presented. Under the circumstances, it was for the jury, as the trier of fact, to decide whether the 1999 accident proximately caused all of the injuries for which the plaintiff sought to recover damages (*see Derdiarian v Felix Contr. Corp.*, 51 NY2d 308, 312 [1980]). By denying the defendants' application to include an interrogatory on causation on the verdict sheet and refusing to charge the jury on proximate cause, the Supreme Court removed causation from the jury's consideration and decided the issue as a matter of law despite the existence of triable issues of fact. This was error (*cf. Christopher v St. Vincent's Hosp. & Med. Ctr.*, 121 AD2d 303, 307 [1986]; *compare with Siagha v Salant-Jerome, Inc.*, 271 AD2d 274 [2000]). Accordingly, we remit the matter to the Supreme Court, Westchester County, for a new trial on the issue of damages to include the issue of causation.

Moreover, the Supreme Court improvidently exercised its discretion in precluding the defendants from cross-examining one of the plaintiff's treating physicians in connection with the May 2002 accident, despite evidence that the physician treated the plaintiff following that accident (*see Selly v Port of N.Y. Auth.*, 36 AD2d 861 [1971]; *Chopak v Walker*, 275 App Div 669 [1949]).

In light of our determination to grant a new trial, the defendants' contention that the Supreme Court erred in limiting the scope of their expert's testimony has been rendered academic inasmuch as the defendants will have an opportunity to supplement their expert disclosure notice (*see Hunter v Tryzbinski*, 278 AD2d 844, 845 [2000]; *cf. People v Evans*, 94 NY2d 499

[2000]; *Hothan v Metropolitan Suburban Bus*, NYLJ, Nov. 21, 2002, at 24, col 3 [Sup Ct, Nassau County, Winslow, J.]) and we do not reach the defendants' remaining contention regarding the award of damages. Ritter, J.P., Goldstein, Smith and Fisher, JJ., concur.