■ Tully Construction Co., Inc., Appellant, v Marsh USA, Inc., et al., Respondents. [884 NYS2d 165]—

In an action, inter alia, to recover damages for breach of contract and negligence, the plaintiff appeals, as limited by its brief, from so much of an order and judgment (one paper) of the Supreme Court, Queens County (Satterfield, J.), entered January 18, 2008, as, upon a decision of the same court dated May 1, 2007, granted those branches of the motion of the defendant Marsh USA, Inc., which were for summary judgment dismissing the complaint insofar as asserted against it and for summary judgment on its counterclaim, and granted that branch of the

cross motion of the defendant Allied North America Insurance Brokerage Corp. of New York which was for summary judgment dismissing the complaint insofar as asserted against it, and is in favor of the defendants and against it dismissing the complaint, and in favor of the defendant Marsh USA, Inc., and against it in the principal sum of $250,000 on the counterclaim.

Ordered that the order and judgment is modified, on the law, (1) by deleting the provisions thereof granting those branches of the motion of the defendant Marsh USA, Inc., which were for summary judgment dismissing the complaint insofar as asserted against it and for summary judgment on its counterclaim and substituting therefor provisions denying those branches of the motion, and (2) by deleting the third decretal paragraph thereof, inter alia, awarding Marsh USA, Inc., the principal sum of $250,000 on the counterclaim; as so modified, the order and judgment is affirmed, with one bill of costs payable to the plaintiff by the defendant Marsh USA, Inc., and one bill of costs payable to the defendant Allied North America Insurance Brokerage Corp. of New York by the plaintiff, and the action against the defendant March USA, Inc., is severed.

Tully Construction Co., Inc. (hereinafter Tully), commenced this action, inter alia, to recover damages for negligence and breach of contract against Marsh USA, Inc. (hereinafter Marsh), and Allied North America Insurance Brokerage Corp. of New York (hereinafter Allied). Marsh was Tully's insurance broker until May 24, 2002, when it was succeeded by Allied.

In November 2000, an automobile collided with a parked backhoe owned by Tully, and both the owner and the operator of the automobile died from injuries sustained in the accident. Tully alleges that on May 9, 2001, it instructed Marsh to notify TIG Insurance Co. (hereinafter TIG), Tully's excess liability carrier, of the accident, but Marsh negligently failed to do so. Tully further alleges that Allied negligently failed to notify TIG of lawsuits that were commenced against Tully in 2002 by the estates of the owner and operator of the automobile. TIG ultimately disclaimed coverage on the ground that it was not notified of the accident until June 2004. In a prior appeal in this action, this Court affirmed the Supreme Court's grant of TIG's motion for summary judgment declaring that it had no obligation to indemnify Tully in the actions commenced by the estates of the owner and operator of the vehicle because there was a timely disclaimer by TIG (*see Tully Constr. Co., Inc. v TIG Ins. Co.,* 43 AD3d 1150 [2007]).

The Supreme Court erred in granting those branches of Marsh's motion which were for summary judgment dismissing

the complaint insofar as asserted against it, and for summary judgment on its counterclaim. Contrary to the Supreme Court's determination, in opposition to Marsh's prima facie showing Tully raised a triable issue of fact as to whether notice to TIG would have been timely if provided pursuant to Tully's May 9, 2001, request to Marsh that it provide such notice (*see Morris Park Contr. Corp. v National Union Fire Ins. Co. of Pittsburgh, Pa.*, 33 AD3d 763, 765 [2006]). Moreover, Tully raised triable issues of fact as to whether Marsh was negligent in failing to notify TIG of the claim in accordance with the May 9, 2001, request and as to whether, by that failure, it breached an oral agreement with Tully to notify Tully's excess carriers when necessary.

However, the Supreme Court properly granted that branch of Allied's motion which was for summary judgment dismissing the complaint insofar as asserted against it. Allied demonstrated its prima facie entitlement to judgment as a matter of law on the negligence cause of action by demonstrating that Tully never requested that it notify TIG of the underlying lawsuits. In opposition, Tully failed to raise a triable issue of fact. Tully also failed to raise a triable issue of fact in opposition to Allied's prima facie showing on the breach of contract cause of action that there was no oral agreement between Allied and Tully requiring Allied to provide notice of claims to Tully's excess insurers.

The parties' remaining contentions are without merit. Skelos, J.P., Angiolillo, Chambers and Lott, JJ., concur.