■ JEFF A. GRIPPE et al., Respondents, v MARGARET WOLF et al., Respondents, and CITY OF WHITE PLAINS, Appellant. [885

NYS2d 616]—In an action to recover damages for personal injuries, etc., the defendant City of White Plains appeals, as limited by its brief, from so much of an order of the Supreme Court, Westchester County (Liebowitz, J.), entered November 6, 2008, as denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, the appellant's motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it is granted; and it is further,

Ordered that one bill of costs is awarded to the appellant, payable by the respondents appearing separately and filing separate briefs.

The Supreme Court improperly denied the appellant's motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it. The appellant established, prima facie, that its designation of a bike route on the road where the accident occurred was not a proximate cause of the accident (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]; *Fowler v Sammut*, 259 AD2d 516 [1999]). In opposition, the plaintiffs failed to raise a triable issue of fact as to whether any alleged defect resulting from the appellant's designation of the bike route was a proximate cause of the injuries sustained by the plaintiff Jeff A. Grippe (*see Alvarez v Prospect Hosp.*, 68 NY2d at 324; *Zuckerman v City of New York*, 49 NY2d at 562; *Fowler v Sammut*, 259 AD2d at 517; *see also Resource Fin. v National Cas. Co.*, 219 AD2d 627, 628 [1995]).

In light of our determination, the parties' remaining contentions have been rendered academic. Rivera, J.P., Florio, Belen and Austin, JJ., concur.