■ JOYCE ROBERSON et al., Respondents, v WYCKOFF HEIGHTS MEDICAL CENTER, Defendant/Third-Party Plaintiff-Appellant. LUDIS WILLIAMS, R.N., Third-Party Defendant-Respondent, et al., Third-Party Defendant. [999 NYS2d 428]—

In an action to recover damages for personal injuries, etc., the defendant/third-party plaintiff appeals from an order of the Supreme Court, Kings County (Graham, J.), dated June 6, 2013, which granted the motion of the third-party defendant Ludis Williams for summary judgment dismissing the third-party complaint insofar as asserted against her, and denied its motion for summary judgment dismissing the complaint.

Ordered that the order is modified, on the law, by deleting the provision thereof denying the motion of the defendant/third-party plaintiff for summary judgment dismissing the complaint, and substituting therefor a provision granting that motion; as so modified, the order is affirmed, with one bill of costs to the defendant/third-party plaintiff and the third-party defendant Ludis Williams payable by the plaintiffs.

The plaintiff Joyce Roberson (hereinafter the injured plaintiff), who was 64 years old at the time of the subject incident, was admitted to the defendant/third-party plaintiff, Wyckoff Heights Medical Center (hereinafter Medical Center), complaining of weakness and buckling in her right leg, and was diagnosed with a possible transient ischemic attack. Two days after she was admitted to the Medical Center, the injured plaintiff was found on the floor of her room after having fallen on her way to the bathroom. The injured plaintiff alleged that someone who she assumed was a nurse had given her a rolling tray table to use to move from her bed to the bathroom, but that the tray table had rolled out from underneath her when her leg gave out, causing her to fall. The injured plaintiff did not know the identity of the individual who gave her the rolling tray table, and she did not see her on any other occasion, either before or after the accident. The injured plaintiff, and her husband suing derivatively, commenced this action, alleging that, as a result of the Medical Center's negligence in giving her a rolling tray

table to use as a walking aid, she had fallen and had sustained an injury to her cervical spine, which required surgery.

The elements of a cause of action alleging common-law negligence are a duty owed by the defendant to the plaintiff, a breach of that duty, and a showing that the breach of that duty constituted a proximate cause of the injury (*see Turcotte v Fell*, 68 NY2d 432, 437 [1986]; *Jiminez v Shahid*, 83 AD3d 900, 901 [2011]; *Ruiz v Griffin*, 71 AD3d 1112, 1114 [2010]). Accordingly, "[e]ven when negligence and injury are both properly found, the negligent party may be held liable only where the alleged negligence is found to be a proximate cause of the injury" (*Canonico v Beechmont Bus Serv., Inc.*, 15 AD3d 327, 328 [2005]). Moreover, "although 'the determination of the issue of causation is generally for the trier of fact, upon a motion for summary judgment the court must determine if a prima facie case of negligence is established in the first instance' " (*see Khan v Bangla Motor & Body Shop, Inc.*, 27 AD3d 526, 528 [2006], quoting *Fowler v Sammut*, 259 AD2d 516, 517 [1999]).

Here, the Medical Center made a prima facie showing of its entitlement to judgment as a matter of law by presenting expert medical evidence, based upon the parties' deposition testimonies and the injured plaintiff's medical records, showing that any alleged negligence on its part did not proximately cause the injured plaintiff's alleged injuries (*see Cusano v General Elec. Co.*, 66 NY2d 844 [1985]). In his affirmation, the Medical Center's expert physician concluded that the injured plaintiff suffered from cervical stenosis, a naturally occurring and progressive spinal condition, and that her stenosis or need for surgery was not caused by the fall. In opposition, the plaintiffs failed to raise a triable issue of fact as to causation. Accordingly, the Supreme Court erred in denying the Medical Center's motion for summary judgment dismissing the complaint.

In light of our determination that the complaint should be dismissed, the question of whether the Supreme Court properly granted the motion of the third-party defendant Ludis Williams for summary judgment dismissing the third-party complaint insofar as asserted against her has been rendered academic. Mastro, J.P., Hall, Roman and Maltese, JJ., concur.