■ Gail Purcell et al., Respondents, v M.L. Bruenn Co., Inc., et al., Appellants. [4 NYS3d 221]—

In an action, inter alia, to recover damages for negligence, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Westchester County (Hubert, J.), dated March 18, 2014, as, upon converting that branch of their motion which was pursuant to CPLR 3211 (a) to dismiss the second cause of action into one for summary judgment dismissing that cause of action, denied that branch of their motion.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the defendants' converted motion which was for summary judgment dismissing the second cause of action is granted.

The complaint in this action alleged, among other things, that the plaintiff Gail Purcell was injured in an automobile accident. The plaintiffs alleged that they gave notice of the accident to the defendants, who, it is undisputed, were agents of the nonparty Progressive Insurance Company (hereinafter Progressive), which had issued the plaintiffs' insurance policy. As relevant here, the second cause of action alleged that the defendants were negligent in failing to give timely notice of the accident to Progressive and that, but for this failure, the plaintiffs would have been able to recover under the policy.

The defendants moved, inter alia, to dismiss the second cause

of action pursuant to CPLR 3211 (a). Upon converting that branch of the defendants' motion into one for summary judgment dismissing that cause of action, the Supreme Court denied that branch of the defendants' motion.

"The elements of a cause of action alleging common-law negligence are a duty owed by the defendant to the plaintiff, a breach of that duty, and a showing that the breach of that duty constituted a proximate cause of the injury" (*Roberson v Wyckoff Hgts. Med. Ctr.*, 123 AD3d 791, 792 [2014]; *see Turcotte v Fell*, 68 NY2d 432, 437 [1986]). Accordingly, "[i]n order that a negligent actor shall be liable for another's harm, it is necessary not only that the actor's conduct be negligent toward the other, but also that the negligence of the actor be a legal cause of the other's harm" (Restatement [Second] of Torts § 430; *see Derdiarian v Felix Contr. Corp.*, 51 NY2d 308, 314-315 [1980]).

Here, the insurance policy provided that notice to an agent of Progressive would satisfy the notice provisions of the policy. Since, under the terms of the policy, notice to the defendants satisfied the plaintiffs' duty to provide notice of the accident to Progressive, the defendants demonstrated that any failure to communicate notice of the accident to Progressive did not alter the plaintiffs' rights under the terms of the policy or otherwise affect their ability to recover in accordance with its terms (*see* Insurance Law § 3420 [a] [3]; *Waldron v New York Cent. Mut. Fire Ins. Co.*, 88 AD3d 1053, 1055 [2011]; *cf. Tully Constr. Co., Inc. v Marsh USA, Inc.*, 65 AD3d 627, 629 [2009]). Accordingly, the defendants established, prima facie, that the negligent conduct alleged in the complaint was not a proximate cause of the alleged damages (*see generally Roberson v Wyckoff Hgts. Med. Ctr.*, 123 AD3d 791 [2014]; *Parklex Assoc. v Flemming Zulack Williamson Zauderer, LLP*, 118 AD3d 968, 970 [2014]; *Grippe v Wolf*, 65 AD3d 1283, 1284 [2009]; *Fowler v Sammut*, 259 AD2d 516, 517 [1999]).

In opposition, the plaintiffs failed to raise a triable issue of fact. The plaintiffs failed to articulate any way in which the defendants' alleged failure to communicate notice to Progressive prejudiced their rights under the policy (*cf. Parklex Assoc. v Flemming Zulack Williamson Zauderer, LLP*, 118 AD3d at 970). Accordingly, the Supreme Court should have granted that branch of the defendants' converted motion which was for summary judgment dismissing the second cause of action. Mastro, J.P., Leventhal, Miller and Maltese, JJ., concur.