■ JOSEPH PASQUARETTO, Respondent, v LONG ISLAND UNIVERSITY et al., Defendants, and RAJ PERSAUD et al., Appellants. [52 NYS3d 646]—

Appeal from an order of the Supreme Court, Nassau County (Angela G. Iannacci, J.), dated March 26, 2015. The order denied the motion of the defendants Raj Persaud, Raj Persaud, President Kappa Sigma Fraternity Omicron-Beta Chapter, Kappa Sigma Fraternity Omicron-Beta Chapter, Eric Vingo, and Daniel Lacy for summary judgment dismissing the amended complaint insofar as asserted against them.

Ordered that the order is reversed, on the law, with costs, and the motion of the defendants Raj Persaud, Raj Persaud, President Kappa Sigma Fraternity Omicron-Beta Chapter, Kappa Sigma Fraternity Omicron-Beta Chapter, Eric Vingo, and Daniel Lacy for summary judgment dismissing the amended complaint insofar as asserted against them is granted.

In 2009, the plaintiff, who at the time was a student at the C.W. Post Campus of Long Island University, was "pledging" for membership in the Kappa Sigma Fraternity through its Omicron-Beta Chapter (hereinafter the Local Chapter). According to the plaintiff, he participated in a pledge activity that caused him to sustain personal injuries by exacerbating his preexisting asthma condition. The plaintiff further alleged, inter alia, that his personal injuries resulted from the negligence of the Local Chapter and members of the Local Chapter, the defendants Raj Persaud, Raj Persaud in his capacity as President of the Local Chapter, Eric Vingo, and Daniel Lacy (hereinafter collectively the Local Fraternity Defendants). The Local Fraternity Defendants moved for summary judgment dismissing the amended complaint insofar as asserted against them, and the Supreme Court denied the motion. The Local Fraternity Defendants appeal.

"The elements of a cause of action alleging common-law negligence are a duty owed by the defendant to the plaintiff, a breach of that duty, and a showing that the breach of that duty constituted a proximate cause of the injury" (*Roberson v Wyckoff Hgts. Med. Ctr.*, 123 AD3d 791, 792 [2014]; *see Turcotte v Fell*, 68 NY2d 432, 437 [1986]). "Even when negligence and injury are both properly found, the negligent party may be held liable only where the alleged negligence is found to be a proximate cause of the injury" (*Canonico v Beechmont Bus Serv., Inc.*, 15 AD3d 327, 328 [2005]). Moreover, "although 'the determination of the issue of causation is generally for the trier of fact, upon a motion for summary judgment the court must determine if a prima facie case of negligence is established in the first instance' " (*Khan v Bangla Motor & Body Shop, Inc.*, 27 AD3d 526, 528 [2006], quoting *Fowler v Sammut*, 259 AD2d 516, 517 [1999]).

Here, the Local Fraternity Defendants established their prima facie entitlement to judgment as a matter of law based upon their submission of the affirmed medical report of their examining physician, which demonstrated that their alleged negligence was not a proximate cause of the plaintiff's alleged injuries (*see Roberson v Wyckoff Hgts. Med. Ctr.*, 123 AD3d at 792). In opposition, the plaintiff failed to raise a triable issue of fact as to causation (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). The report of his treating physician, which was neither sworn to nor affirmed to be true under the penalties of perjury, did not constitute competent evidence (*see* CPLR 2106; *Bourgeois v North Shore Univ. Hosp. at Forest Hills*, 290 AD2d 525, 526 [2002]; *Parisi v Levine*, 246 AD2d 583, 583 [1998]). Moreover, the remaining evidence submitted by the plaintiff in opposition to the motion was insufficient to raise a triable issue of fact.

The plaintiff's remaining contention is unpreserved for appellate review.

Accordingly, the Supreme Court should have granted the Local Fraternity Defendants' motion for summary judgment dismissing the amended complaint insofar as asserted against them. Dillon, J.P., Leventhal, Miller and Brathwaite Nelson, JJ., concur.