18-2492
*Holmes v. Apple, et al.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of December, two thousand nineteen.

Present:
        PIERRE N. LEVAL,
        RICHARD C. WESLEY,
        DEBRA ANN LIVINGSTON,
            *Circuit Judges*.

_____

TYRONE HOLMES,

            *Plaintiff-Appellant*,

      v.                                  18-2492-cv

APPLE INC.,
AMAZON.COM, LLC,
CHECKPOINT FLUIDIC SYSTEMS
INTERNATIONAL, LTD.,

            *Defendants-Appellees*.

_____

For Plaintiff-Appellant:           ROBERT G. LEINO, New York, NY

For Defendant-Appellee
Apple Inc.:                HANNAH Y. CHANOINE, O'Melveny & Myers LLP, New York, NY (David R. Eberhart, O'Melveny & Myers LLP, San Francisco, CA; Ephraim McDowell, O'Melveny & Myers LLP, *on the brief*)

1

For Defendant-Appellee
Amazon.com, LLC.: MICHAEL J. GOETTIG, Davis Wright Tremaine LLP, New York, NY

For Defendant-Appellee
CheckPoint Fluidic Systems
International, Ltd.: BRIAN DALE GRAIFMAN, Borah, Goldstein, Altschuler, Nahins & Goidel, P.C., New York, NY

Appeal from a judgment of the United States District Court for the Southern District of New York (Ramos, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED** in full and **REMANDED** for further proceedings in accordance with this order.

Plaintiff-Appellant Tyrone Holmes ("Holmes") appeals from July 23, 2018 order in the United States District Court for the Southern District of New York (Ramos, *J.*), granting Defendant-Appellee CheckPoint Fluidic Systems Int'l, Ltd.'s ("CheckPoint") motion to dismiss for lack of personal jurisdiction and denying Holmes's related motion for jurisdictional discovery, granting Defendant-Appellee Apple Inc.'s ("Apple") motion for entry of judgment on the pleadings, granting in part and denying in part Defendant-Appellee Amazon.com, LLC's ("Amazon") motion for entry of judgment on the pleadings, granting Amazon's motion for summary judgment, entering judgment against Amazon in the amount of $2,351.12 as to Holmes's breach-of-contract claim, and denying Holmes's motion to amend the complaint.

This appeal arises from Holmes's purchase of an Apple MacBook Pro laptop computer along with an AppleCare support plan from Amazon. Holmes alleges that the purportedly brand-new laptop he received was actually a MacBook Pro that Amazon had previously sold to CheckPoint (the "CheckPoint Laptop"), which contained tracking software developed by third-

2

party Kaseya and installed by CheckPoint employees after purchase. When the CheckPoint Laptop went missing in transit to Dubai via FedEx, CheckPoint used the Kaseya software to track its laptop to Holmes and his estranged wife Stephanie Scott ("Scott"), from whom the New York City Police Department (the "NYPD") ultimately recovered the computer. We otherwise assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

*   *   *

## I. Personal Jurisdiction over CheckPoint

The district court dismissed Holmes's claims against CheckPoint for lack of personal jurisdiction. On appeal, Holmes argues that the district court had jurisdiction over CheckPoint primarily because the events giving rise to this litigation created sufficient contacts with the state to support personal jurisdiction. These arguments are without merit, and the district court was correct to dismiss the claims against CheckPoint and to deny Holmes's request for jurisdictional discovery.

"We review a district court's dismissal of an action for want of personal jurisdiction *de novo*, construing all pleadings and affidavits in the light most favorable to the plaintiff and resolving all doubts in the plaintiff's favor." *Penguin Grp. (USA) Inc. v. Am. Buddha*, 609 F.3d 30, 34 (2d Cir. 2010). A plaintiff has the burden of establishing personal jurisdiction over an entity against which it seeks to bring suit, and to survive a motion to dismiss for lack of such jurisdiction, "a plaintiff must make a prima facie showing that jurisdiction exists." *Id.* at 34–35 (citing *In re Magnetic Audiotape Antitrust Litig.*, 334 F.3d 204, 206 (2d Cir. 2003); quoting *Thomas v. Ashcroft*, 470 F.3d 491, 495 (2d Cir. 2006)). In other words, a plaintiff must "include an averment of facts that, if credited by the ultimate trier of fact, would suffice to establish jurisdiction over the

3

defendant." *Chloe v. Queen Bee of Beverly Hills, LLC*, 616 F.3d 158, 163 (2d Cir. 2010) (internal quotation marks and alterations omitted).

C.P.L.R. § 302, New York's long-arm statute, affords New York courts personal jurisdiction over a non-domiciliary who (1) "transacts any business within the state or contracts anywhere to supply goods or services in the state;" (2) "commits a tortious act within the state . . . ;" (3) "commits a tortious act without the state causing injury to person or property within the state . . . if he (i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or (ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce;" or (4) "owns, uses or possesses any real property situated within the state." C.P.L.R. § 302(a)(1)–(4).

None of these jurisdictional bases is present here. Although Holmes makes conclusory allegations that CheckPoint committed tortious conduct both within and outside New York by tracking the missing CheckPoint Laptop and communicating about its location with FedEx—with the ultimate effect that the NYPD attempted to recover the computer from Holmes—he has pleaded no facts that support tort liability. A tort claim rooted in negligence requires a plaintiff to establish duty, breach, causation, and damages. *See Roberson v. Wyckoff Heights Medical Ctr.*, 999 N.Y.S.2d 428, 429 (2d Dep't 2014). But Holmes's complaint does not allege (and his appellate brief does not even suggest) that CheckPoint owed Holmes a particular duty in attempting to recover its lost computer, or a means by which it breached that duty. Indeed, the complaint alleges that the computer CheckPoint tracked belonged to CheckPoint and was not meant to leave its possession.

4

Because the district court properly determined that Holmes failed to make a *prima facie* case for jurisdiction or establish how further discovery could aid his case, it did not abuse its discretion in denying his motion for jurisdictional discovery. *See Haber v. United States*, 823 F.3d 746, 753 (2d Cir. 2016) (noting that jurisdictional discovery is inappropriate where requesting party has not shown how the requested discovery would produce facts necessary to withstand dismissal); *see also Best Van Lines, Inc. v. Walker,* 490 F.3d 239, 255 (2d Cir. 2007) ("[T]he district court acted well within its discretion in declining to permit discovery because the plaintiff had not made out a prima facie case for jurisdiction.").

## II. Apple's Motion for Judgment on the Pleadings

The district court granted Apple's motion for judgment on the pleadings as to the eight claims Holmes raised against it, each of which arises from the fact that the CheckPoint Laptop contained Kaseya tracking software. On appeal, Holmes challenges only the dismissal of its breach-of-contract, products liability, and negligence claims. *See McCarthy v. SEC*, 406 F.3d 179, 186 (2d Cir. 2005) ("[A]rguments not raised in an appellant's opening brief . . . are not properly before an appellate court even when the same arguments were raised in the trial court."). Each of these claims is without merit.

We review a district court's ruling on a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) *de novo*, accepting all factual allegations in the complaint as true and construing them in the light most favorable to the non-moving party. *Latner v. Mt. Sinai Health Sys., Inc.*, 879 F.3d 52, 54 (2d Cir. 2018). A motion for judgment on the pleadings must meet the same standard as a motion to dismiss for failure to state a claim under Rule 12(b)(6), *King v. Am. Airlines, Inc.*, 284 F.3d 352, 356 (2d Cir. 2002), and must therefore "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *WC Capital*

5

*Mgmt., LLC v. UBS Secs., LLC*, 711 F.3d 322, 328 (2d Cir. 2013). The complaint must do more than raise the "mere possibility of misconduct" and "tender[] naked assertions devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009) (internal quotation marks and alterations omitted).

Holmes's complaint does not plausibly allege a contractual relationship between himself and Apple. Documentation provided by Holmes indicates that Amazon, and not Apple, sold Holmes the computer and AppleCare plan he purchased. By its express terms, AppleCare does not create a contract with Apple unless a user registers the plan, something Holmes never did. Even if such a contract did exist, Holmes has alleged no facts that would constitute a potential breach of AppleCare, a service contract that provides for support in replacing or repairing Apple hardware in certain circumstances. Holmes alleges only that the laptop was defective because it contained tracking software neither sold nor installed by Apple, but AppleCare explicitly disclaims any responsibility to support users in connection with third-party products.

Nor does Holmes make out a claim for strict liability or negligence. His complaint alleges that CheckPoint installed the Kaseya software at issue, not Apple. But New York courts do not impose strict liability when a manufacturer engaged in the "lawful distribution of a non-defective product" and "[t]he harm that plaintiff[] allege[s] is . . . attributable to intervening third parties." *Smith v. 2328 Univ. Ave. Corp.*, 859 N.Y.S.2d 71, 73–74 (1st Dep't 2008). The same principle extends to general negligence actions. *Robinson v. Reed-Prentice Div. of Package Mach. Co.*, 49 N.Y.2d 471, 475 (N.Y. 1980).

**III. Amazon's Motions for Judgment on the Pleadings and Summary Judgment**

At Amazon's request, the district court entered judgment for Holmes in the amount of $2,351.12, the price Holmes paid to Amazon for the laptop and AppleCare plan he purchased, in

fulfillment of Holmes's breach-of-contract claim against Amazon. The district court granted Amazon's motion for judgment on the pleadings as to three of Holmes's other seven claims against Amazon and entered summary judgment in Amazon's favor as to the remaining four. On appeal, Holmes challenges only the district court's entry of summary judgment, arguing that issues of material fact remain because Amazon has not been able to explain the path the CheckPoint Laptop took, and how the NYPD came to recover the CheckPoint Laptop from Scott when Holmes ordered and received a new, shrink-wrapped computer. But Holmes has failed to raise any factual disputes that would preclude summary judgment, and we find that the district court's ruling was appropriate.

We review the district court's grant of summary judgment *de novo* and construe the evidence in the light most favorable to the non-moving party. *Johnson v. Killian*, 680 F.3d 234, 236 (2d Cir. 2012). Summary judgment is appropriate where "the pleadings, the discovery and disclosure materials . . . , and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Roe v. City of Waterbury*, 542 F.3d 31, 35 (2d Cir. 2008) (quoting Fed. R. Civ. P. 56(c)).

Amazon submitted affidavits and other documentary evidence to show that it shipped Holmes a brand-new computer sourced directly from Apple and packaged for delivery in Lewisberry, Pennsylvania, and that it shipped CheckPoint a different brand-new computer sourced directly from Apple that was packaged for delivery in Breiningsville, Pennsylvania, [*id.*]. An affidavit from CheckPoint states, and Holmes does not contest, that upon receipt of the CheckPoint Laptop, a CheckPoint employee installed the Kaseya software and affixed to the computer a label reading "Property of CheckPoint Pumps." The label remained on the laptop when the NYPD recovered it. Both before the district court and now on appeal, Holmes appears to acknowledge

7

that the laptop he received from Amazon was shrink-wrapped and unlabeled. Holmes submitted no evidence of any kind to contest that the laptop he received from Amazon and the CheckPoint Laptop were two entirely separate computers. And since there was no such evidence in the record, the district court was correct to find that Amazon had not sold Holmes the CheckPoint Laptop and could not be liable for any of its alleged defects.

Holmes's argument that summary judgment is inappropriate unless Amazon can explain how Scott got the CheckPoint Laptop is meritless. Holmes bears the burden to show that Amazon caused his alleged injuries. To merit summary judgment, Amazon need only show that Holmes cannot carry this burden. Since Amazon has done so, it is immaterial that the record does not reveal precisely how Scott came to possess the CheckPoint Laptop. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (defining a "material" fact as one that "might affect the outcome of the suit under the governing law").

## IV. Holmes's Liability for Amazon's Costs

Amazon asks us to remand to the district court to assess costs against Holmes because Holmes rejected its offer of judgment in the amount of $2,351.12, but subsequently received a judgment in precisely that amount. Federal Rule of Civil Procedure 68(d) provides that if a party receives and rejects an offer of judgment, but "finally obtains" a judgment that is "not more favorable than the unaccepted offer," that party must "pay the costs incurred after the offer was made." Fed. R. Civ. P. 68(d). The cost-shifting mechanism of Rule 68 is "designed to encourage settlements without the burdens of additional litigation." *Stanczyk v. City of New York*, 752 F.3d 273, 280 (2d Cir. 2014). On appeal, Holmes argues that Amazon's offer of $2,351.12 did not provide him complete relief. But Holmes was bound by Amazon's conditions of use, which limited his breach of contract remedy. Under those conditions, Amazon's offer of $2,351.12 provided

8

complete relief on Holmes's breach of contract claim. We therefore remand the case to give Amazon the opportunity to move in the district court for an assessment of costs pursuant to Rule 68(d).

## V. Holmes's Motion to Amend the Complaint

Finally, Holmes argues that the district court erred in declining to allow him to amend his complaint to add FedEx as a defendant. Since such an amendment would have been futile, the district court did not abuse its discretion in denying the motion. We review a district court's denial of leave to amend a pleading for abuse of discretion. *Holmes v. Grubman*, 568 F.3d 329, 334 (2d Cir. 2009). A court may deny leave to amend a complaint for "good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." *Id.* (quoting *McCarthy v. Dun & Bradstreet Corp*., 482 F.3d 184, 200 (2d Cir. 2007)). *Pro se* complaints in particular should be read liberally, such that the court should give leave to amend if there is "any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). But a request should be denied where "the problem with [a plaintiff's] causes of action is substantive," "better pleading will not cure it," and "repleading would thus be futile." *Id*.

The district court correctly concluded that Holmes's proposed amendment was futile. Holmes alleged no facts to suggest that FedEx breached a duty it owed to him. Holmes argues that FedEx's liability stems from its purportedly reckless or negligent decision to report the CheckPoint Laptop as stolen (rather than missing), but he alleges no facts to suggest that FedEx owed him a duty to do otherwise. Even read liberally, Holmes's proposed amended complaint gives no "indication that a valid claim might be stated" against FedEx. *See Cuoco*, 222 F.3d at 112.

9

We have considered Holmes's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court in full and **REMAND** for further proceedings in accordance with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk