Sottosanti v St. Francis Hosp. (2024 NY Slip Op 05603)

Sottosanti v St. Francis Hosp.

2024 NY Slip Op 05603

Decided on November 13, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 13, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOSEPH J. MALTESE, J.P.
LARA J. GENOVESI
LILLIAN WAN
DONNA-MARIE E. GOLIA, JJ.

2023-08132
 (Index No. 151373/19)

[*1]Giuseppe Sottosanti, appellant, 
v
St. Francis Hospital, et al., respondents.

Howard M. File, Esq., P.C., Staten Island, NY (Martin Rubenstein of counsel), for appellant.
Barker Patterson Nichols, LLP, Valhalla, NY (Leilani J. Rodriguez of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Richmond County (Catherine DiDomenico, J.), dated June 6, 2023. The order granted the defendants' motion for summary judgment dismissing the complaint and denied the plaintiff's cross-motion for summary judgment on the issue of liability.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action to recover damages for personal injuries, alleging that the defendants' nursing staff negligently repositioned him following a lumbar spinal surgery, causing displacement of a screw in his spine. The defendants moved for summary judgment dismissing the complaint, and the plaintiff cross-moved for summary judgment on the issue of liability. In an order dated June 6, 2023, the Supreme Court granted the defendants' motion and denied the plaintiff's cross-motion. The plaintiff appeals.
"A hospital or medical facility has a general duty to exercise reasonable care and diligence in safeguarding a patient, based in part on the capacity of the patient to provide for his or her own safety" (Jeter v New York Presbyt. Hosp., 172 AD3d 1338, 1339; see D'Elia v Menorah Home & Hosp. for the Aged & Infirm, 51 AD3d 848, 850). "'A defendant moving for summary judgment in a negligence action has the burden of establishing, prima facie, that [it] was not at fault in the happening of the subject accident'" (Gutkina v Max Media & Art, LLC, 227 AD3d 961, 962, quoting Fiorentino v Uncle Giuseppe's of Port Wash., Inc., 208 AD3d 757, 757-758 [internal quotation marks omitted]). "Accordingly, [e]ven when negligence and injury are both properly found, the negligent party may be held liable only where the alleged negligence is found to be a proximate cause of the injury" (Roberson v Wyckoff Hgts. Med. Ctr., 123 AD3d 791, 792 [internal quotation marks omitted]; see Canonico v Beechmont Bus Serv., Inc., 15 AD3d 327, 327).
The defendants made a prima facie showing of entitlement to judgment as a matter of law dismissing the complaint by submitting the affirmation of their expert who opined, inter alia, that the incident could not have been a proximate cause of the plaintiff's injuries (see Roberson v Wyckoff Hgts. Med. Ctr., 123 AD3d at 792; see generally Jean-Paul v Jamaica Hosp. Med. Ctr., 208 [*2]AD3d 464, 465; Bethune v Monhian, 168 AD3d 902, 903). In opposition, the plaintiff failed to raise a triable issue of fact. The evidence the plaintiff submitted, including a transcript of his deposition testimony and his medical records, did not rebut the defendants' showing with respect to causation (see Roberson v Wyckoff Hgts. Med. Ctr., 123 AD3d at 792; Stukas v Streiter, 83 AD3d 18, 25).
Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint and properly denied the plaintiff's cross-motion for summary judgment on the issue of liability (see Wells Fargo Bank, N.A. v Green, 227 AD3d 842, 843).
The plaintiff's remaining contentions are without merit.
MALTESE, J.P., GENOVESI, WAN and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court