Chelnitsky v Amalgamated Warbasse Houses, Inc. (2026 NY Slip Op 01485)

Chelnitsky v Amalgamated Warbasse Houses, Inc.

2026 NY Slip Op 01485

Decided on March 18, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 18, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
LINDA CHRISTOPHER
LOURDES M. VENTURA
PHILLIP HOM, JJ.

2024-08659
 (Index No. 525892/21)

[*1]Emilia Chelnitsky, respondent,
vAmalgamated Warbasse Houses, Inc., appellant.

Baker, Greenspan & Bernstein, Bellmore, NY (Eric R. Bernstein of counsel), for appellant.
Gregory Spektor & Associates, P.C., Rosedale, NY (Sol Z. Sokel of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Peter P. Sweeney, J.), dated May 13, 2024. The order denied the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is granted.
The plaintiff commenced this action to recover damages for personal injuries she allegedly sustained when she fell while walking over a speed bump in a parking lot owned by the defendant. At her deposition, the plaintiff testified that her shoe got caught in a crack "right at the beginning" of the speed bump, causing her to fall "right on top of that speed bump."
After discovery, the defendant moved for summary judgment dismissing the complaint. By order dated May 13, 2024, the Supreme Court denied the motion. The defendant appeals.
The defendant established its prima facie entitlement to judgment as a matter of law dismissing the complaint through the submission of, inter alia, a transcript of the plaintiff's deposition testimony and video surveillance footage of the accident. The video surveillance footage established, prima facie, that the plaintiff did not trip on a crack in a speed bump, but, rather, that she fell due to a misstep after having completely traversed the speed bump (see Schneider v Gap, Inc., 208 AD3d 606, 607). The defendant therefore demonstrated that any negligence on its part in maintaining the speed bump was not a proximate cause of the plaintiff's accident (see Pasquaretto v Long Is. Univ., 150 AD3d 1129, 1130-1131). In opposition, the plaintiff failed to raise a triable issue of fact.
Accordingly, the Supreme Court erred in denying the defendant's motion for summary judgment dismissing the complaint.
In light of our determination, we need not reach the parties' remaining contentions.
IANNACCI, J.P., CHRISTOPHER, VENTURA and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court